SULZBERGER v. STEINHAUER.

1. VENDOR AND PURCHASER—SPECIFIC PERFORMANCE — FRAUD NOT SHOWN.

In a suit by the optionee for the specific performance of an optional land contract, fraudulent misrepresentations, *held*, not shown by the record.[1]

2. SAME—MODIFICATION OF OPTION DOES NOT ANNUL.

The modification of an optional land contract, by reserving one acre instead of a certain strip, did not annul the option or release the vendors from performing.[2]

3. SAME—NOT NECESSARY FOR OPTIONEE TO SIGN OPTION.

It is not necessary for the optionee in an optional land contract to sign it.[3]

4. SAME—CONSIDERATION FOR OPTION MAY BE NOMINAL.

The consideration for an option to purchase land may be nominal, since the consideration for the sale, in the event

[1]Specific Performance, 36 Cyc. p. 784 (Anno); [2]Vendor and Purchaser, 39 Cyc. p. 1236; [3]Id., 39 Cyc. pp. 1228, 1233 (Anno).

of acceptance, is entirely apart from the consideration for the option, and such consideration must be specified.[4]

5. SAME—PAYMENT—ESTOPPEL.

The tender of $1, together with recital of its payment, in an optional contract to purchase land signed by the vendors, estops them from disputing such payment for the purpose of destroying the effect and operation of the option.[5]

6. SAME — DESCRIPTION OF PREMISES—SUFFICIENCY TO MEET REQUIREMENTS OF LAW.

The description of land in an optional land contract is sufficient to meet the requirements of the law if one with the option in hand could go straightway to the premises and recognize them without any other aid.[6]

7. SAME—SUFFICIENCY.

The description of land in an optional land contract as "About 20 acres on the S. E. corner of Telegraph road and Wick road in Taylor township," was sufficiently definite to meet the requirements of the law.[7]

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 14, 1926. (Docket No. 102.) Decided June 7, 1926.

Bill by Mayer B. Sulzberger against William Steinhauer and another for specific performance of an optional land contract. From a decree for plaintiff, defendants appeal. Affirmed.

*Harold Goodman,* for plaintiff.

*Ellman & Braun,* for defendants.

WIEST, J. Defendants appealed from a decree granting plaintiff specific performance of the following option agreement:

"Detroit, Michigan, October 10, 1924.
"In consideration of the sum of one ($1.00) dollar and other valuable considerations to us in hand paid, the receipt of which is hereby acknowledged, we hereby

---

[4]Vendor and Purchaser, 39 Cyc. p. 1235; [5]Id., 39 Cyc. p. 1235; [6]Id., 39 Cyc. p. 1224; [7]Id., 39 Cyc. p. 1226.

agree to sell within 90 days from the date hereof, the property located as follows, to-wit:

> "About 20 acres on the s. e. corner of Telegraph road and Wick road in Taylor township (excepting a strip with house thereon bounded by the southerly boundary of said 20 acres, by Telegraph road on the west, by a line at right angles to Telegraph road and running north of present well, and extending 200 feet in depth),

to M. B. Sulzberger or his assigns, for the sum of $1,500 per acre, terms of sale to be as follows: $1 herewith paid, $200 within 90 days above specified, and the balance of $1,800 to be paid when the sale is closed and the balance of money on or before ten years with interest on unpaid balance at six per cent. per annum, from closing, payable semi-annually.

"The sellers agree to join in the plat of the above described property, and shall release out and give free and clear deed to such lots as purchasers designate upon a payment of $300 for each lot so released and such sums shall be applied to next payment due.

"The sale shall be closed within sixty (60) days after the delivery to purchaser of a Burton or Union Trust Co. abstract written to date of closing, showing a good and merchantable title in the sellers free and clear of all liens and incumbrances.     *     *     *

"It is understood that J. Dodatko and M. B. Sulzberger are acting as brokers and are to receive commission on the purchase price of said land only over and above $1,500 per acre above specified."

At the time this agreement was signed by defendants, the one dollar specified was tendered them and Mr. Steinhauer stated he did not want it.   Three days later Mr. Steinhauer wrote plaintiff that he wanted to reserve an acre of land instead of the parcel designated in the option.   In response to the letter plaintiff visited defendants and indorsed upon their copy of the option his consent to the requested modification and described by metes and bounds the acre reserved. December 30, 1924, plaintiff gave defendants his check for $200.   January 2, 1925, defendants returned the

check in a letter stating they had decided not to sell the farm. Plaintiff then visited defendants and placed $200 in money on the lap of Mr. Steinhauer. January 6, 1925, defendants, by money orders, returned the $200 with a request not to be molested any more. Thereupon plaintiff filed the bill herein and made profert of performance.

We find no fraudulent misrepresentations. Defendants knew the option gave plaintiff the right to purchase the premises on the terms fixed, or, if sold by plaintiff within 90 days he would be entitled to all above $1,500 per acre as his commission. The modification of the option fixing the reserved parcel as an acre of land did not annul the option or release defendants from performance except as to the one-acre parcel.

Three days after signing the option, defendants wrote plaintiff stating:

"I did not get satisfied. I want to keep one full acre of land and then I will be satisfied   *   *   * Mr. Sulzberger if you will not let me keep that one acre then I will be against you. If people come here and ask me what I'm selling the land for, I will tell them for $1,500 the acre. Then you won't get any commission that way. But if you will be good and let me keep my one acre now then I will help you all I can, and if you did not sell it in 90 days, then I will give you longer time to sell it."

Responding to this desire of defendants, the plaintiff indorsed the wished reservation on the duplicate copy of the option possessed by defendants. The option was accompanied by a listing for sale on commission. Under the option, plaintiff had a right to accept the terms specified and purchase under land contract. Under the listing, plaintiff had a right to find a purchaser and have for his services all above $1,500 per acre. It was not necessary for plaintiff to sign the option.

There is no merit in the point that the consideration was inadequate.    Consideration for an option may be nominal.    The consideration for the sale, in the event of acceptance, is entirely apart from the consideration for the option, and such consideration must be specified.    It was specified, was certain in amount at $1,500 per acre of land, and such price was adequate.

We think the tender of one dollar, together with recital of its payment, stated in the option over the signatures of defendants, estops them from disputing such payment for the purpose of destroying the effect and operation of their option.    See *McPherson* v. *Fargo*, 10 S. Dak. 611 (74 N. W. 1057, 66 Am. St. Rep. 723).

We also think the description of the land and its location sufficiently definite to meet requirements of the law.    Surely no man with the option in hand would have the least difficulty in going straightway to the premises and recognizing the same without any other aid.    This is all the law requires and it is useless refinement to suppose the existence of another township of Taylor, either in or out of the State, for if actually found there would not also be found therein 20 acres of land at the southeast corner of the Wick and Telegraph roads owned by defendants.

Decree affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.