DANTO *v.* KUNZE.

1. FRAUDS, STATUTE OF—OPTIONS—SIGNATURE OF OPTIONEE ACCEPTING OPTION SIGNED BY OPTIONOR NOT NECESSARY.

Option to purchase land, signed by optionor, and accepted by optionees, is not void under statute of frauds because not signed by optionees (3 Comp. Laws 1929, § 13413).

As to who must sign note or memorandum of executory contract for sale of real property within the statute of frauds, see annotation in 28 L. R. A. (N. S.) 680; 43 L. R. A. (N. S.) 410.

2. VENDOR AND PURCHASER—DELAY—RESCISSION.
Optionees, consenting to delay in execution of contract, and not rescinding until optionor had notified them that he was ready to perform, were not released from their obligation by doing so.

Error to Wayne; Collingwood (Charles B.), J., presiding. Submitted June 5, 1931. (Docket No. 116, Calendar No. 35,651.) Decided June 25, 1931.

Assumpsit by Samuel Danto and another against Robert Kunze to recover amounts paid under a contract to purchase real estate. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Abram Sapiro*, for plaintiffs.

*Ignatius J. Salliotte*, for defendant.

SHARPE, J. On June 3, 1927, defendant gave Joseph Kinnell an option for 30 days to purchase a lot owned by him in Delray, in Wayne county, for the sum of $50,000. The consideration expressed was but one dollar. The purpose was to give Kinnell an opportunity to sell the property with a commission of any amount he could get more than the $50,000. Kinnell interested the plaintiffs, with the result that they were willing to pay $52,000 for it. On June 17th they gave him two checks, one for $2,000 and the other for $1,000, both payable to the defendant. Over defendant's indorsement of the $1,000 check appears: "This is a deposit of lot No. 7, Delray Subdivision. Purchase price, $52,000," and of the other: "This is a deposit of lot No. 7, Delray Subdivision. Purchase price, $52,000," and beneath it, "Received as commission for sale lot 7, Delray Subdivision," with Kinnell's signature appended

thereto. These checks were duly paid. Kinnell tes-
tified that he gave the plaintiffs a receipt for the
checks, written in lead pencil, and that on the same
day, or soon thereafter, he delivered to them a type-
written document, consisting of a notice from him
to the defendant that he had sold the property to
them for $52,000 and stating fully the terms there-
of, and that he retained the $2,000 as his commission.
To it was attached a receipt, signed by the defend-
ant, acknowledging payment by the plaintiffs of
$1,000 to apply on the purchase price of $50,000.

An abstract of title was submitted to plaintiffs
and found satisfactory. Soon after, the parties met
in the office of defendant's attorney to close the deal.
When preparing the papers, he discovered that, al-
though the land contract was to be executed subject
to a lease of the premises which would expire on
April 30, 1928, the lessee therein had the right of
renewal for another year. The execution of the
contract was put off to permit the defendant to
obtain a release of this provision from the lessee.
There was delay in securing it, but without com-
plaint on the part of the plaintiffs, as they were not
to have possession until April 30, 1928. On Janu-
ary 19, 1928, defendant secured such release. On
January 25th he notified the plaintiffs that he was
ready to close the deal, and suggested a time and
place for a meeting to do so. While the plaintiff
Isadore Danto claims that he had theretofore told
Kinnell that "the deal was off," and thinks he also
told Kunze, the record does not justify such a
finding.

On February 3, 1928, plaintiffs brought this action
to recover the $3,000 paid by them. The trial court
concluded as a matter of law that the preliminary
contract was binding upon them, and entered a judg-

ment for the defendant, of which they seek review by writ of error.

It is urged that the agreement was void because not in compliance with the statute of frauds (3 Comp. Laws 1929, § 13413). It was signed by the defendant and accepted by the plaintiffs. Their signatures thereto were not necessary under the statute. *Sulzberger* v. *Steinhauer*, 235 Mich. 253.

This contract was enforceable by the plaintiffs at the time it was entered into by the defendant. Had he been unable to perform by reason of the terms of the outstanding lease, the plaintiffs might have recovered any damages they sustained by reason thereof. But they were content to give the defendant time to secure a release from the lessee. This was doubtless owing to the fact, as before stated, that they were not entitled to possession until April 30, 1928. They might have rescinded, but, as they did not do so until defendant had notified them that he was ready and able to fully perform, they did not become released from their obligation by doing so.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.