KRAUTNER v. KINSELLA.

1. Appeal and Error — Questions Reviewable — Instructions — Peaceful Picketing.

Plaintiff's claim that trial judge's instruction, in his action against defendant motorist for injuries sustained when the latter accelerated his car as it was being damaged by plaintiff's fellow pickets while defendant was attempting to cross a picket line, contained reversible error in that the judge said peaceful picketing was a right guaranteed to all *citizens* rather than *persons* is not considered, where plaintiff himself had requested an incomplete and misleading peaceful picketing instruction and no objection was raised thereto either at the trial or upon his motion for a new trial.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 891–894.
   5A Am Jur, Automobiles and Highway Traffic § 1097.
[2, 3] 53 Am Jur, Trial § 649.
   38 Am Jur, Negligence § 367.
   5A Am Jur, Automobiles and Highway Traffic § 1097.

2. AUTOMOBILES — PICKET LINE — CONTRIBUTORY NEGLIGENCE — IN-
   STRUCTIONS.

> Issue of contributory negligence was properly submitted to jury,
> in action arising from defendant motorist's attempt to pass
> through picket line, insofar as instruction on such issue rel-
> ative to plaintiff's failure to move from the path of known
> danger or otherwise protect himself from the risk of harm
> he could see, and literally turning his back upon such danger.

3. SAME — PICKET LINE — CONTRIBUTORY NEGLIGENCE — REQUEST TO
   CHARGE.

> Refusal to charge as requested by plaintiff that jury could not
> impute any negligence it might find in the conduct of plaintiff's
> fellow pickets to him was not reversible error, where the testi-
> mony relative to the pickets' activities was placed before the
> jury for the purpose of showing why defendant motorist
> drove as he did and not for the purpose of imputing the
> pickets' conduct to plaintiff to establish his alleged contributory
> negligence, plaintiff's own acts and omissions being relied on
> to establish his contributory negligence.

Appeal from Oakland; Dondero (Stanton G.), J.
Submitted December 7, 1962. (Calendar No. 118,
Docket No. 49,306.) Decided February 6, 1963.

Case by John Krautner against R. J. Kinsella and
Gerald Charles Kinsella for personal injuries suf-
fered when struck by automobile while engaged in
picketing activities. Verdict and judgment for de-
fendants. Plaintiff appeals. Affirmed.

*Albert Lopatin* and *Ernest F. Hapke,* for plain-
tiff.

*Howlett, Hartman & Beier* (*Kenneth B. . Mc-
Connell,* of counsel), for defendants.

SOURIS, J. This appeal presents no issues of state-
wide significance to justify the time this Court must
take for its consideration and disposition,—time
sorely needed for cases significant to many more of
our citizens than the litigants directly involved.
This, surely, is a prime example of 1 type of appeal

which on some future day will be decided by an intermediate appellate court. But in the meantime, as in this case, we sit too often merely as a court for the correction of errors while cases of state-wide importance are delayed.

Plaintiff lost the jury verdict below in this personal injury action. Plaintiff's theory, which his proofs tended to support, was that he was negligently injured by defendants' automobile while it was entering the struck plant of the parties' employer and while plaintiff was standing near the driveway entrance to the plant which had been blocked by plaintiff's fellow pickets. The case was tried by defendants on the theory, which their proofs tended to support, that their driver was not negligent in driving through the picket line but, rather, that he accelerated the car in panic when pickets commenced to damage his car and that plaintiff was contributorily negligent in failing to remove himself from a place of danger which he knew to exist.

No claim is made that error was committed in submitting the issue of defendants' negligence to the jury, nor in the manner of its submission. Plaintiff's claim of error is focused upon the issue of his own contributory negligence. His principal claim is that the jury was permitted by the trial judge's charge to find him contributorily negligent on the basis of the actions of violence of his fellow pickets in which he did not join. The basis for this claim is the trial judge's instruction that peaceful picketing is not illegal, but is a right guaranteed to *citizens*,\* and "that violence by either those picket-

---

\* Plaintiff argues on appeal that the right is constitutionally guaranteed to all persons, not just to citizens (First Amendment, US Constitution) and that this *lapsus linguae* by the judge was reversible error. He made no objection to the error at the trial, nor upon his motion for new trial and, therefore, we shall not consider the objection on appeal. *Young* v. *Morrall,* 359 Mich 180; *Caughley* v. *Ames,* 315 Mich 643.

ing or those persons attempting to enter [the plant] is not lawful." First, except for the obvious (but unnoticed when made) slip-of-the-tongue reference to "citizens", the plaintiff himself requested the peaceful picketing instruction which would have been incomplete and misleading had the judge failed to instruct, as he did, that violence on the picket line by either of the contending forces was unlawful. Second, nothing in this instruction or in the balance of the charge can be construed to suggest that the jury could attribute, or impute, to the plaintiff the acts, illegal or merely negligent, of his fellow pickets.

The charge did include an instruction in classic terms on contributory negligence based upon which the jury could have found from the proofs in evidence that plaintiff's failure to move from the path of known danger or otherwise to do anything to protect himself from the risk of harm he could see, and his action in literally turning his back upon such danger, constituted contributory negligence. Plaintiff does not challenge the technical sufficiency of the instruction and we find no error on this record in submission of the issue of his contributory negligence to the jury.

Finally, plaintiff claims the trial judge should have advised the jury, as he was requested by plaintiff to do on the strength of *Bricker* v. *Green*, 313 Mich 218 (163 ALR 697), that it could not impute to plaintiff any negligence it might find in the conduct of his fellow pickets. Substantial testimony relating to the pickets' activities was placed before the jury, but only for the defendants' purpose of showing why their driver drove as he did. We cannot conclude that refusal to charge as plaintiff requested was reversible error. Defendants could not, and did not, rely upon imputation of the pickets' conduct to plaintiff to establish his alleged contributory neg-

ligence. They relied, instead, as noted above, upon plaintiff's own acts and omissions.

Affirmed. Costs to defendants.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, and OTIS M. SMITH, JJ., concurred with SOURIS, J.

BLACK, J., concurred in result.

O'HARA, J., took no part in the decision of this case.