## BOARD OF CONTROL OF EASTERN MICHIGAN UNIVERSITY v BURGESS

1. CONTRACTS—CONSIDERATION—EVIDENCE—PAROL EVIDENCE—ESTOPPEL.

A written acknowledgment of receipt of consideration merely creates a rebuttable presumption that consideration has passed and neither the parol evidence rule nor the doctrine of estoppel bars the presentation of evidence to contradict any such acknowledgment.

2. CONTRACTS—OFFERS—OPTIONS.

An option is a contract collateral to an offer to sell whereby the offer is made irrevocable for a specified period.

3. CONTRACTS—OFFERS—OPTIONS—FAILURE OF CONSIDERATION.

A failure of consideration for an option affects only the collateral contract to keep the offer open, not the underlying offer.

4. CONTRACTS—OFFERS—OPTIONS—FAILURE OF CONSIDERATION.

That which purports to be an option for the purchase of land, but which is not based on valid consideration, is a simple offer to sell the same land, which may be revoked by the offeror at any time prior to its acceptance by the offeree.

5. CONTRACTS—OFFERS—LAND.

An offer to sell land creates no interest in that land.

6. CONTRACTS—OFFERS—LAND—REVOCATION.

Revocation of a written offer to sell land is not required by the statute of frauds to be in writing.

7. CONTRACTS—OFFERS—REVOCATION.

Contract law does not require written revocation of a written offer.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts §§ 90, 91.
[2-4] 17 Am Jur 2d, Contracts §§ 32, 36, 88.
[5] 17 Am Jur 2d, Contracts §§ 22, 31–34.
[6-8] 17 Am Jur 2d, Contracts §§ 7, 35, 36.

8. CONTRACTS—OFFERS—REVOCATION.

A revocation of an offer is effective if merely communicated to the offeree.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 December 6, 1972, at Lansing. (Docket No. 13404.) Decided February 22, 1973.

Complaint by the Board of Control of Eastern Michigan University against Renee M. Burgess for specific performance of an option to purchase realty. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Jackson & Lamb,* for plaintiff.

*John M. Barr,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and DANHOF, JJ.

R. B. BURNS, J. On February 15, 1966, defendant signed a document which purported to grant to plaintiff a 60-day option to purchase defendant's home. That document, which was drafted by plaintiff's agent, acknowledged receipt by defendant of "One and no/100 ($1.00) Dollar and other valuable consideration". Plaintiff concedes that neither the one dollar nor any other consideration was ever paid or even tendered to defendant. On April 14, 1966, plaintiff delivered to defendant written notice of its intention to exercise the option. On the closing date defendant rejected plaintiff's tender of the purchase price. Thereupon, plaintiff commenced this action for specific performance.

At trial defendant claimed that the purported option was void for want of consideration, that any underlying offer by defendant had been revoked

prior to acceptance by plaintiff, and that the agreed purchase price was the product of fraud and mutual mistake. The trial judge concluded that no fraud was involved, and that any mutual mistake was not material. He also held that defendant's acknowledgment of receipt of consideration bars any subsequent contention to the contrary. Accordingly, the trial judge entered judgment for plaintiff.

Defendant appeals. She claims that acknowledgment of receipt of consideration does not bar the defense of failure of consideration. She further claims that the trial judge's findings of fact as to the absence of fraud and material mistake are in error, and that the record supports a finding that defendant was the victim of plaintiff's coercion.

## I.

Options for the purchase of land, if based on valid consideration, are contracts which may be specifically enforced. *Gustin v Union School Dist of Bay City,* 94 Mich 502, 505 (1893); *Mier v Hadden,* 148 Mich 488, 491–492 (1907); *George v Schuman,* 202 Mich 241, 250 (1918). Conversely, that which purports to be an option, but which is not based on valid consideration, is not a contract and will not be enforced. *Bailey v Grover,* 237 Mich 548 (1927); *George v Schuman, supra,* at 248. One dollar is valid consideration for an option to purchase land, provided the dollar is paid or at least tendered. *Wayne Woods Land Co v Beeman,* 211 Mich 360, 362 (1920); *Sulzberger v Steinhauer,* 235 Mich 253, 257 (1926). In the instant case defendant received no consideration for the purported option of February 15, 1966.

A written acknowledgment of receipt of consideration merely creates a rebuttable presumption

that consideration has, in fact, passed. Neither the parol evidence rule nor the doctrine of estoppel bars the presentation of evidence to contradict any such acknowledgment. *Hagan v Moch,* 249 Mich 511, 517 (1930).

It is our opinion that the document signed by defendant on February 15, 1966, is not an enforceable option, and that defendant is not barred from so asserting.

The trial court premised its holding to the contrary on *Lawrence v McCalmont,* 43 US (2 How) 426, 452; 11 L Ed 326, 336 (1844). That case is significantly distinguishable from the instant case. Mr. Justice Story held that "[t]he guarantor acknowledged the receipt of one dollar, and is now estopped to deny it." However, in reliance upon the guaranty substantial credit had been extended to the guarantor's sons. The guarantor had received everything she bargained for, save one dollar. *Cf. Fischer v Union Trust Co,* 138 Mich 612, 616 (1904). In the instant case defendant claims that she never received any of the consideration promised her.

That which purports to be an option for the purchase of land, but which is not based on valid consideration, is a simple offer to sell the same land. *Bailey v Grover, supra.* An option is a contract collateral to an offer to sell whereby the offer is made irrevocable for a specified period. *George v Schuman, supra,* at 248. Ordinarily, an offer is revocable at the will of the offeror. Accordingly, a failure of consideration affects only the collateral contract to keep the offer open, not the underlying offer.

A simple offer may be revoked for any reason or for no reason by the offeror at any time prior to its acceptance by the offeree. *Weiden v Woodruff,* 38

Mich 130, 131–132 (1878). Thus, the question in this case becomes, "Did defendant effectively revoke her offer to sell before plaintiff accepted that offer?"

We disagree with plaintiff that to be effective the revocation of a written offer to sell land must itself be in writing. The Statute of Frauds applies only to contracts and conveyances of interests in land. MCLA 566.106 *et seq;* MSA 26.906 *et seq.* An offer is not a contract. *Gongola v Yaksich,* 3 Mich App 676, 679 (1966). An offer to sell land creates no interest in that land. 2 Corbin, Contracts (1950 ed), § 418, p 441. Therefore, the Statute of Frauds does not require that the revocation of an offer to sell land be in writing. See *Sokol v Hill,* 310 SW2d 19 (Mo App, 1958). Contract law does not require written revocation of a written offer. *Night Commander Lighting Co v Brown,* 213 Mich 214, 216 (1921). A revocation of an offer is effective if merely communicated to the offeree. *Kutsche v Ford,* 222 Mich 442, 447 (1923).

Defendant testified that within hours of signing the purported option she telephoned plaintiff's agent and informed him that she would not abide by the option unless the purchase price was increased. Defendant also testified that when plaintiff's agent delivered to her on April 14, 1966, plaintiff's notice of its intention to exercise the purported option, she told him that "the option was off".

Plaintiff's agent testified that defendant did not communicate to him any dissatisfaction until sometime in July, 1966.

If defendant is telling the truth, she effectively revoked her offer several weeks before plaintiff accepted that offer, and no contract of sale was created. If plaintiff's agent is telling the truth,

defendant's offer was still open when plaintiff accepted that offer, and an enforceable contract was created. The trial judge thought it unnecessary to resolve this particular dispute. In light of our holding the dispute must be resolved.

An appellate court cannot assess the credibility of witnesses. We have neither seen nor heard them testify. *People v Chadwick,* 301 Mich 654, 657 (1942). Accordingly, we remand this case to the trial court for additional findings of fact based on the record already before the court.

## II.

At trial defendant testified that, when negotiating with plaintiff's agent, she informed the agent that her lot measured 50 feet square, and that plaintiff's agent thereupon offered her $2 per square foot plus $9,000 for the house. Hence, the purchase price of $14,000. In reality, defendant's lot measures approximately 50 x 90 feet. Defendant claims that both she and plaintiff's agent were mistaken as to the dimensions of her lot and that such mutual mistake entitles her to rescission of any contract between her and plaintiff.

Plaintiff's agent testified that he never offered defendant $2 per square foot. Rather, he claimed to have explained to defendant why the square-foot approach to appraisal was not appropriate to her lot. Plaintiff's agent admits telling defendant that a lot 50 feet square would be worth $5,000 if the square-foot approach was appropriate. However, he claimed that the figure of 50 feet square was imaginary and used only to illustrate the square-foot approach.

The trial court found that, when a purchase price was finally agreed upon, neither plaintiff's

agent nor defendant understood that the price had been determined by the size of defendant's lot. Therefore, even if both parties mistakenly believed that defendant's lot measured 50 feet square, that mistake was not material.

The trial court's finding of fact as to the materiality of any mutual mistake was premised on that court's assessment of the credibility of defendant and of plaintiff's agent. It is axiomatic that appellate courts usually cannot assess the credibility of witnesses. Accordingly, we defer to the finding of the trial court. It is clearly supported by the record.

It is clear from the record and from defendant's brief that defendant's allegation of fraud is merely a restatement of her allegation of material mutual mistake. The trial court could find no fraud. We concur.

### III.

Defendant claims that plaintiff coerced her into making the offer of February 15, 1966, by threatening to exercise its power of eminent domain. Since by defendant's own admission such threats, if they were ever made, were made in November, 1966, defendant's offer of February, 1966, could not have been the fruit of coercion.

Reversed and remanded for proceedings consistent with this opinion. Costs to defendant.

All concurred.