PENNY v KALAMAZOO CHRISTIAN HIGH SCHOOL
ASSOCIATION

1. SCHOOLS AND SCHOOL DISTRICTS—PRIVATE SCHOOLS—ADMISSION.

One person may refuse to do business with another for any reason or for no reason, unless prohibited by Federal or state law; therefore, summary judgment in favor of a defendant private school in a suit by plaintiff parents to compel enrollment of their daughter was proper where the refusal to enroll the daughter was not prohibited by Federal or state law.

2. SCHOOLS AND SCHOOL DISTRICTS—PRIVATE SCHOOLS—FINANCING PLAN.

A private nonprofit school which adopted a financing plan in which a nominal tuition was charged for each student and each student's parents were asked to contribute in addition at least a specified amount to the school, it being suggested by the school that the contribution be deducted as a charitable contribution for income tax purposes, was not shown to be engaged in an illegal activity where the school had not counseled the parents to fail to file tax returns, to withhold or falsify information, or to refuse to pay any assessed deficiencies.

3. CONSTITUTIONAL LAW—STATE ACTION—PRIVATE ENTITIES—JOINT PARTICIPATION.

Action by a private entity does not become "state action" merely because the private entity receives some benefit or service from the state or is subject to state regulation; rather, conduct by a private entity regulated or serviced by the state is conduct by the state for purposes of the Federal Constitution only if the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity.

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools §§ 309, 310.
[2] 68 Am Jur 2d, Schools §§ 312–314, 319.
[3, 5] 68 Am Jur 2d, Schools § 16.
[4] 68 Am Jur 2d, Schools §§ 16, 309, 310.

4. SCHOOLS AND SCHOOL DISTRICTS—PRIVATE SCHOOLS—STATE REGULA-
TION—CONSTITUTIONAL LAW—STATE ACTION.

Refusal of a private school to admit plaintiffs' daughter was not
subject to limitation by the Federal Constitution as "state
action" where plaintiffs did not allege that the state's regula-
tion of sanitary and safety conditions, curriculum, teacher
qualifications, and attendance in any way implicated the state
in the defendant school's admission policies; the state's enforce-
ment of certain minimum standards did not render the state a
joint participant with the defendant in the operation of the
school.

5. SCHOOLS AND SCHOOL DISTRICTS—PRIVATE SCHOOLS—CONSTITU-
TIONAL LAW—PUBLIC FUNCTION.

A private entity may not effectively monopolize some function
predominantly performed by government without subjecting
itself to the same restraints incumbent upon government when
performing that function, but a private school, which is not the
only high school operating in an area has not effectively
assumed the role of the state and is not to be treated as if it
were the state; therefore, a private school's operations are not
circumscribed by the Federal Constitution in the same manner
as if the school were a government agency.

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 June 6, 1973, at Grand Rap-
ids. (Docket No. 15457.) Decided July 26, 1973.

Complaint by Rene Penny and Rena Penny
against Kalamazoo Christian High School Associa-
tion to compel enrollment of their daughter. Sum-
mary judgment for defendant. Plaintiffs appeal.
Affirmed.

*Bauckham, Reed, Lang & Schaefer,* for plaintiffs.

*Oosterbaan & York,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. Burns, P. J. Defendant owns and operates Kalamazoo Christian High School. Prior to the 1966–1967 school term defendant charged a per capita tuition roughly equivalent to the cost of educating each student enrolled in the school. In June, 1966, defendant shifted to a tuition-contribution financing plan. According to that plan, which plan is still substantially in effect, a nominal tuition is charged for each student and each student's parents are asked to contribute at least a specified amount to defendant. Together the nominal tuition and minimum contribution approximate the cost of educating each student. It is suggested by defendants that the contribution be deducted as a charitable contribution for income tax purposes.

At the time that this financing plan was adopted, plaintiffs had a son enrolled in Kalamazoo Christian High School. Plaintiffs paid the nominal tuition and all other incidental fees. However, they refused to make the minimum contribution. Their refusal was premised on their conclusion that the financing plan is immoral and illegal because it is an evasion of legitimate taxes. Defendant allowed plaintiffs' son to complete his course of studies and to graduate. However, in 1971, when plaintiffs attempted to enroll their youngest child in the school, defendant refused to admit the girl until plaintiffs paid what defendant considered arrearages. When negotiations between the parties failed to resolve their differences, suit was commenced to compel enrollment of plaintiffs' daughter. Summary judgment was entered for defendant. We affirm.

Plaintiffs claim, first of all, that by allowing their son to attend Kalamazoo Christian High School through graduation defendant accepted

their counteroffer to pay less than the customary fee, that plaintiffs owe defendant nothing, and that, therefore, defendant may not now refuse to admit plaintiffs' daughter because of arrearages. In effect, plaintiffs claim that anyone selling goods or services, whether or not for profit, may not refuse to do business with a former customer because of prior differences unless those differences amount to a breach of contract by the customer. To state the proposition is to answer it. Unless prohibited by Federal or state law, one person may refuse to do business with another for any reason or for no reason. *Cf. Board of Control of Eastern Michigan University v Burgess,* 45 Mich App 183, 186–187; 206 NW2d 256, 259 (1973); *Weiden v Woodruff,* 38 Mich 130, 131–132 (1878). The remainder of this opinion is concerned with plaintiffs' allegations that defendant has violated both Federal and state law.

Plaintiffs claim that the financing plan adopted by defendant in 1966 is illegal and that, therefore, to allow defendant to enforce that plan by denying admission to their daughter is to allow defendant to exceed its authority as a nonprofit corporation organized under the laws of this state. We agree with the trial judge that the record before us fails to establish that defendant is or has engaged in any illegal activity. That is not to say that the tax deduction suggested by defendant is a legitimate charitable deduction under either Federal or state tax laws. Defendant has not counseled its members to fail to file tax returns, to withhold or falsify information, or to refuse to pay any assessed deficiencies.

Plaintiffs also claim that defendant's refusal to admit their daughter denies them and their daughter the freedom of religion and equal protec-

tion guaranteed them by the Constitution of this state and by the Constitution of the United States.

Plaintiffs concede that the Federal Constitution proscribes only governmental discrimination and interference with the freedom of religion. However, plaintiffs claim that the State of Michigan is so involved with defendant's operation of Kalamazoo Christian High School that its refusal to enroll their daughter is "state action", and furthermore that defendant's provision of education renders it the "functional equivalent" of a state and subject to all the limitations imposed on the states by the Federal Constitution. We disagree with both claims.

Admittedly, defendant's operation of its school is not free from governmental regulation. The Michigan Superintendent of Public Instruction does establish and enforce minimum curriculum requirements, teacher qualifications, and sanitary conditions; nonpublic schools are required by law to maintain student attendance records; and the State Board of Education does promulgate and enforce regulations for the operation of school busses. However, action by a private entity does not become "state action" merely because the private entity receives some benefit or service from the state or is subject to state regulation. Were it otherwise, the distinction between private and state conduct first enunciated in *Civil Rights Cases,* 109 US 3; 3 S Ct 18; 27 L Ed 835 (1883), would be utterly emasculated. Rather, conduct by a private entity regulated or serviced by the state is conduct by the state for purposes of the Federal Constitution only if the state has "so far insinuated itself into a position of interdependence" with the private entity "that it must be recognized as a joint participant in the challenged activity". *Bur-*

*ton v Wilmington Parking Authority,* 365 US 715, 725; 81 S Ct 856, 862; 6 L Ed 2d 45, 52 (1961); *Moose Lodge No 107 v Irvis,* 407 US 163, 172–173; 92 S Ct 1965, 1971; 32 L Ed 2d 627, 637 (1972).

The activity challenged herein is defendant's refusal to enroll plaintiffs' daughter. Plaintiffs do not allege that the state's regulation of sanitary and safety conditions, curriculum, teacher qualifications, and attendance in any way implicates the state in defendant's admission policies. Furthermore, in our opinion such an allegation would be without basis. Therefore, defendant's refusal to admit plaintiffs' daughter is not subject to limitation by the Federal Constitution. *Powe v Miles,* 407 F2d 73, 81 (CA 2, 1968). In addition, the state's enforcement of certain minimum standards does not render the State of Michigan a joint participant with defendant in the operation of the Kalamazoo Christian High School.

Plaintiffs also claim that "state action" is involved in the instant case because a court, an arm of the state, is involved. Plaintiffs rely on *Shelley v Kraemer,* 334 US 1; 68 S Ct 836; 92 L Ed 1161 (1948). Such reliance is misplaced. The decision in *Shelley* does not mean that every judgment entered by a court converts private action into state action. The Supreme Court carefully distinguished between cases in which a court abstains from action, leaving private individuals free to act as they wish, and cases in which a court makes available the full coercive power of government to deny for improper reasons some right guaranteed by the Constitution against governmental interference. *Shelley v Kraemer, supra,* 18; 68 S Ct at 844; 92 L Ed at 1183. The instant case is of the former variety. The circuit court merely refused to get involved in the parties' otherwise private dispute.

Plaintiffs next claim that defendant is performing a public function by providing secondary-level education and that, therefore, defendant's operations are circumscribed by the Federal Constitution in the same manner as if defendant were a government agency. Plaintiffs rely on *Smith v Allwright,* 321 US 649; 64 S Ct 757; 88 L Ed 987 (1944), *reh den,* 322 US 769; 64 S Ct 1052; 88 L Ed 1594 (1944); *Terry v Adams,.* 345 US 461; 73 S Ct 809; 97 L Ed 1152 (1953), *reh den,* 345 US 1003; 73 S Ct 1128; 97 L Ed 1408 (1953); *Evans v Newton,* 382 US 296; 86 S Ct 486; 15 L Ed 2d 373 (1966); and *Amalgamated Food Employees Union Local 590 v Logan Valley Plaza, Inc,* 391 US 308; 88 S Ct 1601; 20 L Ed 2d 603 (1968). Here, too, plaintiffs' reliance is misplaced. The cases cited by plaintiffs establish only that a private entity may not effectively monopolize some function predominantly performed by government without subjecting itself to the same restraints incumbent upon government when performing that function. *Lloyd Corp v Tanner,* 407 US 551; 92 S Ct 2219; 33 L Ed 2d 131 (1972). Defendant does not operate the only high school in the Kalamazoo area. Rather, it operates only one of several, at least some of which are public schools open to plaintiffs' daughter. Therefore, defendant has not effectively assumed the role of the state and is not to be treated as if it were the state. *Powe v Miles, supra,* 80.

Plaintiffs finally claim that the Constitution of this state proscribes both governmental and private religious discrimination and interference with freedom of religion. Perhaps plaintiffs are correct when they argue that the declaration of rights found in our 1963 Constitution restrains both public and private conduct. See *Beech Grove Investment Co v Civil Rights Commission,* 380 Mich 405;

157 NW2d. 213 (1968). However, we need not now decide the issue. There is no religious discrimination involved in this case, nor is there any interference with plaintiffs' freedom of religion. Plaintiffs' daughter is not being denied admission to defendant's school because she or her parents are members of a particular religion or not members of a particular religion. Defendant refuses to admit plaintiffs' daughter only because plaintiffs refuse to pay what they admit was the reasonable cost of educating their son. Nor, are plaintiffs being forced to engage in conduct they believe immoral. Defendant does not require the parents of its students to take a tax deduction; it is merely suggested. If plaintiffs wish to have their daughter educated at defendant's school without violating their own consciences, they need only pay the reasonable cost of such education and not seek a tax deduction therefor.

Affirmed. Costs to defendant.

All concurred.