MARINA BAY CONDOMINIUMS, INC v SCHLEGEL

Docket No. 94219. Submitted August 21, 1987, at Grand Rapids. Decided April 4, 1988. Leave to appeal applied for.

Henry C. and Letha B. Schlegel entered into an agreement with Marina Bay Condominiums, Inc., to purchase unit number 104 for $105,500 and deposited both a $5,000 check toward the purchase and a $2,600 check for a built-in vacuum cleaner and entertainment center. Within the allotted time, they withdrew from the agreement and retrieved their checks. They then tendered a third check for $2,600 to Marina Bay. Both the original and the duplicate of the purchase agreement were altered by deletion of the unit number, the purchase price, and the $5,000 deposit amount. The amount of $2,600 was then inserted in the deposit amount space. Marina Bay brought an action in the Cheboygan Circuit Court against the Schlegels for breach of contract of sale after defendants filed a complaint with the Corporations and Securities Bureau seeking return of the $2,600. The court, Robert C. Livo, J., found that the parties had an option contract and entered judgment for plaintiff for $2,600, interest and costs. Defendants appealed and plaintiff cross-appealed.

The Court of Appeals *held:*

1. The court's finding that the parties had entered into an option contract was not clearly erroneous.

2. Since there was a valid option contract, there was no violation of the Consumer Protection Act for failure to return the deposit within three business days.

3. The court erred in awarding costs to plaintiff. Costs are awarded only where a party has prevailed in full. Instead of granting plaintiff its requested relief, it granted only $2,600.

4. The court did not err in granting interest on the judgment. The judgment was a money judgment.

Affirmed except as to costs.

REFERENCES

Am Jur 2d, Statute of Frauds §§ 56, 285, 540.

See the annotations in the Index to Annotations under Frauds, . Statute of.

MACKENZIE, P.J., dissented. She would hold that there was no valid option contract since the unit to be purchased and the price were never agreed upon. She would reverse and order the return to defendants of $2,600 plus interest.

1. APPEAL — FINDINGS OF FACT — CLEAR ERROR — COURT RULES.

Findings of fact by the trial court may not be set aside unless clearly erroneous; a trial court's finding is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made (MCR 2.613[C]).

2. FRAUDS, STATUTE OF — CONVEYANCES — INTERESTS IN LAND.

A conveyance of an interest in land must be in writing and comport with the statute of frauds; to satisfy the statute of frauds, the writing or memorandum must be certain and definite as to the parties, property, consideration, premises and time of performance (MCL 566.106; MSA 26.906).

3. VENDOR AND PURCHASER — OPTIONS — FRAUDS, STATUTE OF.

An option is a preliminary contract for the privilege of purchase and not itself a contract of purchase; it is a contract collateral to the offer to sell whereby the offer is irrevocable for a specified period; an option to purchase real estate involves the privilege of buying property at a fixed price within a specified period of time and, because it does not create an interest in land, is not subject to the statute of frauds.

4. COSTS — COURT RULES.

Costs are only awarded to a party who has prevailed in full (MCR 2.625).

5. INTEREST — JUDGMENT INTEREST.

The allowance of interest is mandatory under the statute providing for interest on money judgments in civil cases from the date of filing of the complaint; a money judgment is one which adjudges the payment of a sum of money as distinguished from directing an act to be done.

*Simpson & Moran, P.C.* (by *Lawrence P. Hanson*), for plaintiff.

*Daniel Loznak, P.C.* (by *Daniel Loznak*), for defendants.

Before: MacKenzie, P.J., and Doctoroff and J. C. Kingsley,* JJ.

Doctoroff, J. This appeal involves a contract concerning condominiums that were offered for sale by plaintiff. Plaintiff brought this action for breach of contract of sale of a condominium unit after defendants filed a complaint with the condominium section of the Corporation and Securities Bureau seeking return of $2,600 from plaintiff. Following a bench trial, the trial court found that the parties had an option contract and entered judgment for plaintiff for $2,600, together with costs and interest. Defendants appeal as of right. Plaintiff cross-appeals as of right. We reverse the award of costs, but affirm the judgment in all other respects.

I

The first issue raised in this appeal is whether the trial court's finding that the parties had entered into an option contract is clearly erroneous. Defendants argue that the $2,600 deposit should be returned to them because the parties' agreement should be construed to be a preliminary reservation agreement, MCL 559.109(4); MSA 26.50(109)(4). Plaintiff, by cross-appeal, argues that the parties' agreement constituted an amended purchase agreement, breach of which entitles it to damages as well as to retention of the $2,600 deposit or, alternatively, to specific performance of the agreement.

Findings of fact by the trial court may not be set aside unless clearly erroneous, MCR 2.613(C). A trial court's finding is clearly erroneous where, although there is evidence to support it, the re-

* Circuit judge, sitting on the Court of Appeals by assignment.

viewing court is left with a definite and firm conviction that a mistake has been made. *Henderson v Biron,* 138 Mich App 503, 507; 360 NW2d 230 (1984), lv den 422 Mich 976 (1985).

The trial court found that, although defendants had originally entered into an agreement to purchase condominium unit No. 104 for $105,500 and deposited both a $5,000 check toward the purchase and a $2,600 check for a built-in vacuum cleaner and entertainment system, they elected to withdraw from the agreement on the following day. They did so without reason or penalty, which they were entitled to do according to the terms of the agreement.

The court further found that approximately four days thereafter defendants retrieved their checks. However, that same day, they tendered a third check to plaintiff for $2,600. Both the original and the duplicate of the purchase agreement were altered by deletion of the unit number, the purchase price, and the $5,000 deposit amount. The amount of $2,600 was then inserted in the deposit amount space.

The trial court, concluding that the agreement failed to satisfy the statute of frauds, MCL 566.106; MSA 26.906, found that the parties had entered into an option agreement.

Pursuant to MCL 559.121(1); MSA 26.50(121)(1), condominiums may only be offered for initial sale in accordance with the Condominium Act unless exempted.[1] The act defines a preliminary reservation agreement as an opportunity to purchase a

---

[1] MCL 559.121(1); MSA 26.50(121)(1) provides in relevant part:

A condominium unit located within this state shall not be offered for its initial sale in this state unless the offering is made in accordance with this act or the offering is exempt by rule of the administrator.

particular condominium unit for a limited period of time upon sales terms to be later determined, MCL 559.109(4); MSA 26.50(109)(4).

In this case, the contract at issue did not identify a particular unit, and the trial court so found. The contract therefore did not fall under the aegis of a preliminary reservation agreement as defined by the Condominium Act.

Plaintiff asserts on cross-appeal that the agreement between the parties was an amended purchase agreement, breach of which entitles it to retention of the $2,600 as well as to damages or to specific performance.

A conveyance of an interest in land must be in writing and comport with the statute of frauds, MCL 566.106; MSA 26.906.[2] To satisfy the statute of frauds, the writing or memorandum must be certain and definite as to the parties, property, consideration, premises and time of performance. *Cooper v Pierson,* 212 Mich 657, 660; 180 NW 351 (1920). It must leave no essential element to be supplied by parol. *Caughey v Ames,* 315 Mich 643, 647; 24 NW2d 521 (1946).

In this case, the contract was never signed or dated by the parties. Additionally, the unit number and price were not indicated. Consequently, the agreement does not comport with the statute of frauds and thus cannot be a purchase agreement.

The court found that the parties had entered

---

[2] MCL 566.106; MSA 26.906 provides:

No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

into an option agreement that gave defendants the right to purchase property at a fixed price within a specified time.

An option is a preliminary contract for the privilege of purchase and not itself a contract of purchase. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 37; 257 NW2d 260 (1977), lv den 402 Mich 814 (1977). It is a contract collateral to the offer to sell whereby the offer is irrevocable for a specified period. *EMU Bd of Control v Burgess,* 45 Mich App 183, 186; 206 NW2d 256 (1973), lv den 392 Mich 788 (1974). It involves the privilege of buying property at a fixed price within a specified period of time. *Oshtemo Twp, supra,* p 37. An option contract does not create an interest in land. *Id.* Therefore, it is not subject to the statute of frauds.

The trial court's conclusion that the parties had entered into an option contract and that plaintiff was entitled to an award of $2,600 that represented the consideration for the unexercised option is not clearly erroneous.

II

Defendants next argue that the trial court erred by failing to find in their favor pursuant to the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* They assert that this act was violated by plaintiff's refusal to return the $2,600 to them because the Condominium Act mandated the return of the deposit within three business days of the cancellation of a preliminary reservation agreement, MCL 559.183(3); MSA 26.50(183)(3).

The Michigan Consumer Protection Act prohibits unfair, unconscionable, or deceptive methods, acts or practices in conduct of trade or commerce, MCL 445.903(1); MSA 19.418(3)(1). Trade or com-

merce includes real estate transactions under this act, MCL 445.902(d); MSA 19.418(2)(d). The refusal to cancel an agreement and return the deposit when such is required by law constitutes a violation of the act, MCL 445.903(1)(u); MSA 19.418(3)(1)(u).

However, as previously stated, the trial court's finding that the subject contract was an option contract was not clearly erroneous. Therefore, a violation of the Consumer Protection Act because a preliminary reservation was not cancelled and the deposit was not returned within three business days did not occur, MCL 445.903(1)(u); MSA 19.418(3)(1)(u).

III

Defendants' final argument is that the trial court erred by taxing costs against them and also by awarding plaintiff interest on the judgment. MCR 2.625 provides in relevant part:

> Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

However, costs are taxed only when a party has prevailed in full. See, e.g., *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975), app after remand 403 Mich 1; 268 NW2d 1 (1978); *Haddad v Justice,* 64 Mich App 74; 235 NW2d 159 (1975), lv den 395 Mich 825 (1976).

In this case, the trial court determined that the $2,600 that defendants paid into escrow was consideration for the option contract and, instead of granting the parties their requested relief, awarded $2,600 to plaintiff. Because neither party

prevailed in full, the trial court erred by awarding costs to plaintiff.

Defendants argue further that the trial court erred by awarding plaintiff interest on the judgment. MCL 600.6013; MSA 27A.6013 provides that interest is to be paid on a money judgment in a civil action from the date the complaint is filed. The allowance of interest under this statutory provision is mandatory. *Goins v Ford Motor Co,* 131 Mich App 185, 201-202; 347 NW2d 184 (1983), lv den 424 Mich 879 (1976).

Defendants posit that plaintiff was not granted a judgment on which statutory interest could be awarded, but only allowed to keep the $2,600 that had been placed in escrow. A "money judgment" is one which adjudges the payment of a sum of money as distinguished from directing an act to be done. *City of Warren v Dannis,* 136 Mich App 651, 662-633; 357 NW2d 731 (1984). The judgment entered for plaintiff against defendants for $2,600 was thus a money judgment.

In light of the statute's mandatory language providing for payment of interest on money judgments in civil actions, we conclude that the trial court's award of interest to plaintiff on the $2,600 money judgment was proper.

Reversed as to costs. Affirmed in all other respects.

J. C. KINGSLEY, J., concurred.

MacKENZIE, P.J. *(dissenting).* I dissent because the trial court erred in characterizing the instant agreement as an option contract.

As the majority notes, pursuant to MCL 559.121(1); MSA 26.50(121)(1), condominiums may only be offered for initial sale in accordance with the Condominium Act, MCL 559.101 *et seq.;* MSA

26.50(101) *et seq.* The Condominium Act specifies two methods by which developers and prospective purchasers may reserve for sale a condominium unit: a preliminary reservation agreement, and a purchase agreement. See MCL 559.183; MSA 28.50(183) and MCL 559.184; MSA 26.50(184). The option contract found by the trial court in this case simply was not sanctioned by the Legislature in the highly regulated area of condominium development and sales.

The majority concludes that because the parties' agreement did not comport with the statute of frauds it was void as a purchase agreement. The majority then notes that option contracts are outside the statute of frauds and finds that the parties' agreement was valid as an option contract. I agree that the purchase agreement was void pursuant to MCL 566.108; MSA 26.908 because it did not specify in writing the unit to be purchased or the price of that unit, two essential terms. Even if I were to agree that an option is a permissible method of initial sale under the Condominium Act, I do not agree that an option was created here. In this case the evidence indicates that the unit to be purchased and the price of that unit were never agreed upon at all, in writing or otherwise. As the majority notes, option contracts, whether parol or written, involve the purchase of certain property at a fixed price within a specified period of time. Indeed, any contract to be binding requires a meeting of the minds as to its essential terms. Here, because the parties never agreed upon a unit or a unit price, I would hold they did not enter into an enforceable contract of any kind. Accordingly, I would reverse the decision of trial court and order plaintiff to return to defendants their $2,600 plus interest.