GREENWALD v VEURINK

1. Brokers—Real Estate—Commissions—"Ready, Willing, and Able Purchaser"—Option to Purchase.

> An option to purchase does not comply with the terms of a real estate brokerage agreement providing that the broker will receive a commission if he procures "a purchaser ready, willing, and able to purchase" where the broker has offered no evidence that the custom of the real estate trade has varied the plain meaning and mutually understood meaning of the agreement.

2. Brokers—Real Estate—Commissions—"Ready, Willing, and Able Purchaser"—Option to Purchase.

> A real estate broker is not entitled to a commission under a real estate brokerage agreement requiring him to procure "a purchaser ready, willing, and able to purchase" where he procures merely an option to purchase the property and has failed to show that the custom of the real estate trade has varied the plain meaning and mutually understood meaning of the agreement.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 January 6, 1972, at Grand Rapids. (Docket No. 10826.) Decided January 19, 1972.

Complaint by Richard Greenwald against Gerrit Veurink and John Bytwerk for recovery of a real estate broker's commission. Judgment for defendants. Plaintiff appeals. Affirmed.

Reference for Points in Headnotes
[1, 2] 12 Am Jur 2d, Brokers §§ 183, 184.

*Kobza & Kobza,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and
TARGONSKI,* JJ.

R. B. BURNS, J.   On December 2, 1966, defendant
Veurink executed a standard form real estate listing
agreement designating Sun Agency as exclusive
broker for the sale of "Lot 2, Blk 1, Continental Ad-
dition, City of Muskegon".   The broker was to earn
a commission of 10% of the purchase price if it pro-
cured "a Purchaser ready, willing, and able to pur-
chase said property upon the terms and conditions set
forth, or upon such other terms and conditions as the
Owner shall accept in writing * * * ".   The "terms
and conditions" were essentially "cash to seller".   On
the second carbon of the agreement Mr. Greenwald
wrote the following notation in the margin: "This
listing can be cancelled at any time by Owner".

The owners of Lots 3, 4, and 5, Block 1, Conti-
nental Addition, City of Muskegon, also signed list-
ing agreements designating Sun Agency as exclu-
sive broker for the sale of said lots.   Except for the
purchase prices, these listing agreements were iden-
tical to the one executed by defendant Veurink.

On December 24, 1966, plaintiff presented defend-
ant Veurink an unsigned form contract granting to
the Shell Oil Company an option to purchase lot 2.
The proposed option was to remain in effect through
April 21, 1967.   It obligated Shell Oil Company to
accept title to the land and pay the purchase price if,
within 120 days of the exercise date, three condi-

---

* Former circuit judge, sitting on the Court of Appeals by as-
signment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tions were satisfied: (1) the seller's title was acceptable to the buyer's attorneys; (2) the construction and operation of a gasoline service station was permitted by applicable laws and ordinances; and (3) the buyer had been able to purchase lots 3, 4, and 5 from their respective owners. Defendant Veurink refused to sign the option.

The owners of the other lots signed options identical to the one tendered to defendant Veurink.

On January 12, 1967, defendant Veurink again refused to execute the option to Shell, told plaintiff he wanted the Mobile Oil Company to have the assembled parcel, and solicited plaintiff to sell several lots across the street from the Continental Addition as a condition to the sale of lot 2.

Plaintiff initiated this action to recover a broker's commission allegedly owing him pursuant to the December 2, 1966 agreement. The judge denied the requested relief on two grounds: (1) a holder of an option is not a "ready, willing, and able" purchaser; and (2) pursuant to the terms of the agreement, defendant Veurink had cancelled the listing agreement.

We concur with the trial judge.

An option is "a preliminary contract for the privilege of purchase, not a contract of purchase." *Axe v Tolbert*, 179 Mich 556, 562 (1914). See also Comment, *The Real Estate Listing Contract in Michigan: An Attempt at Contract Certainty*, 47 Journal of Urban Law 523, 553 (1969). Therefore, unless the custom of the real estate trade can be said to have varied the otherwise plain terms of the December 2, 1966 listing agreement, the Shell Oil Company was not, as of December 24, 1966, a "Purchaser ready, willing, and able to purchase * * * upon the terms and conditions set forth * * * ". Since

the Shell Oil Company never offered to take an option on the other lots added to the agreement on January 12, 1967, Shell was never a "Purchaser ready, willing, and able to purchase * * * upon such other terms and conditions as the Owner shall accept in writing * * * ". Consequently, plaintiff did not earn his commission. *Barber* v *Vernon,* 8 Mich App 116 (1967); *Calka* v *Donahoe,* 20 Mich App 120 (1969); and *Westdale Co* v *Gietzen,* 29 Mich App 564 (1971).

Plaintiff offered no evidence below to support his claim on appeal that, within the custom of the trade, Shell's proffering an option made it a ready, willing, and able purchaser within the mutually understood meaning of the listing agreement.

Because we have decided that defendant Veurink was within his rights in refusing to execute an option to Shell, we need not consider the allegation that defendant Bytwerk "wilfully and maliciously" induced defendant Veurink to violate the terms of his agreement with plaintiff.

Affirmed.

All concurred.