TOWNSHIP OF NOVI v STATE BOUNDARY COMMISSION

TOWNSHIP OF BRIGHTON v STATE BOUNDRY COMMISSION

1. MUNICIPAL CORPORATIONS—ANNEXATION OF LANDS—STATUTES—
   CONSTITUTIONAL LAW—REENACTMENT AND REPUBLISHING.

   The legislative attempt in 1970 to amend the boundary commission act by putting into the home rule cities act specific words to amend the boundary commission act by removing jurisdiction over annexations from the counties and giving it to the State Boundary Commission is violative of the constitutional requirement that such amendments require reenactment and republishing of the act amended, and the subsequent attempt of the Legislature in 1972 to cure the defect in the 1970 act is unconstitutional for the same reason (MCLA 123.1001; MSA 5.2242[1], MCLA 117.1; MSA 5.2071, Const 1963, art 4, § 25).

2. MUNICIPAL CORPORATIONS—ANNEXATION OF LANDS—LEGISLATIVE
   REGULATIONS—CONSTITUTIONAL PROHIBITIONS.

   Annexation of land by a municipal corporation is strictly a political matter which the Legislature must regulate and one which is not subject to constitutional prohibitions.

3. CONSTITUTIONAL LAW—CLASSIFICATION BY POPULATION—RATIONAL
   BASIS.

   A classification based on population may be valid under the constitution as having a rational basis.

4. ADMINISTRATIVE LAW—STATUTES—STATUTORY GUIDANCE CRITERIA
   —STATE BOUNDARY COMMISSION—ADEQUACY.

   The specified numerous statutory criteria provided to guide the State Boundary Commission are more than adequate and as reasonably precise as the subject matter requires or permits (MCLA 123.1009; MSA 5.2242[9]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 70–80.

[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 106, 107.

[4] 56 Am Jur 2d, Municipal Corporations, Counties, And Other Political Subdivisions § 39 *et seq.*

Appeals from Ingham, Jack W. Warren, J., and Donald L. Reisig, J. Submitted December 8, 1975, at Lansing. (Docket Nos. 20227, 20228, 20268, 20410.) Decided March 8, 1976. Leave to appeal granted, 397 Mich —.

Petitions by the cities of Novi and Brighton to the State Boundary Commission for annexation of lands within the townships of Novi and Brighton respectively. Petitions approved. The townships brought suit in the circuit court to have the orders declared void and the annexation jurisdiction of the State Boundary Commission declared unconstitutional. Judgment for the plaintiff townships. The defendant cities appeal by leave granted. Affirmed in part and reversed in part.

*Bauckham, Reed, Lang & Schaefer,* for plaintiffs Township of Brighton and Township of Novi.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Frank J. Pipp* and *Louis J. Porter,* Assistants Attorney General, for the State Boundary Commission.

*David M. Fried* and *Gary E. Levitt,* for the City of Novi.

*John R. Brennan,* City Attorney, and *Louis C. Andrews, Jr.,* for the City of Brighton.

Before: McGREGOR, P. J., and T. M. BURNS and N. J. KAUFMAN, JJ.

T. M. BURNS, J. The cities of Novi and Brighton petitioned the State Boundary Commission (SBC) for annexation of lands lying within their respec-

tive townships. The SBC approved the petitions and issued orders accordingly.

The two townships sought to have the SBC orders declared void because the legislation conferring annexation jurisdiction upon the SBC is unconstitutional. The lower courts held for the townships. We granted leave to appeal.

Issues identical to those raised on this appeal have recently been decided by another panel of this Court in *Midland Township v State Boundary Commission,* 64 Mich App 700; 236 NW2d 551 (1975). We agree with the holdings and reasoning of that opinion and herein follow it.

The SBC was created by the Boundary Commission Act (BCA)[1] in 1968. That legislation gave the commission jurisdiction over proceedings for the incorporation and consolidation of home rule cities. Matters concerning annexation were handled by the governing boards of the counties under the Home Rule Cities Act (HRCA).[2] In 1970, the HRCA was amended by 1970 PA 219, removing jurisdiction over annexations from the counties and giving such jurisdiction to the SBC. The principal issues on this appeal concern the constitutionality of 1970 PA 219.

In the City of Novi annexation dispute, the trial court found that:

1. The procedure followed by the Legislature in enacting 1970 PA 219 is violative of Const 1963, art 4, § 24 and § 25 because the matter of annexation is not mentioned in the titles of the HRCA and 1970 PA 219, and in enacting 1970 PA 219, the Legislature attempted to revise, alter or amend by reference to title only and without reenacting and republishing.

---

[1] MCLA 123.1001; MSA 5.2242(1).

[2] MCLA 117.1; MSA 5.2071.

2. The classification of "100 persons or less" in 1970 PA 219 is not based upon such a difference in situation or circumstance as to constitutionally permit such division as the basis for denying the right or privilege of referenda to some and granting it to others and accordingly violates Const 1963, art 1, § 1 and § 2.

In the City of Brighton case, the court below found as follows: (1) in enacting 1970 PA 219, the Legislature violated Const 1963, art 4, § 24 and § 25; (2) the classification of "100 persons or less" in 1970 PA 219 is not a valid classification; (3) in conferring annexation authority to the SBC, the Legislature failed to set adequate standards for guiding the commission; and (4) the enactment of 1972 PA 362 does not cure the constitutional defects of 1970 PA 219.

*Does 1970 PA 219 violate Const 1963, art 4, § 24 and § 25?*

Section 24 provides:

"No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title."

1970 PA 219 "embraced" as its object the removal of annexation authority from the counties and granting such authority to the SBC. The title to 1970 PA 219 read, however, as follows:

"An ACT to amend section 9 of Act No. 279 of the Public Acts of 1909, entitled as amended 'An act to provide for the incorporation of cities and for revising and amending their charters' * * * ".

1970 PA 219 did indeed amend § 9 of the HRCA.

But it went beyond "amending" and actually conferred authority on the SBC. There is nothing in the title to either the home rule cities act or 1970 PA 219 to advise anyone that the powers of the SBC were being rather dramatically enlarged. See *Midland Township v State Boundary Commission,* 64 Mich App 700; 236 NW2d 551 (1975).

Const 1963, art 4, § 25 provides as follows:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

The problem here, simply stated, is that the Legislature attempted to amend the BCA by putting into the home rule cities act specific words to amend the boundary commission act. This issue was ably discussed in *Midland Township, supra,* and we adopt Judge Holbrook's reasoning and the Court's conclusion that § 25 was violated. The holdings of the lower court on this issue are affirmed.

*Does the classification of "100 or less" persons as determining referendum rights constitute a violation of equal protection rights or Const 1963, art 1, § 1?*

This issue concerns a subsection of 1970 PA 219 (MCLA 117.9[4]; MSA 5.2088[4]), which in part provides:

"If an annexation is approved, and if on the date the petition or resolution was filed 100 persons or less resided in the area approved for annexation, the commission's order shall not be subject to a referendum."

Several arguments are presented as to how this classification is unconstitutional or otherwise ille-

gal. None is persuasive. The question of annexation is strictly a political one—a matter for the Legislature to regulate—and is not subject to constitutional prohibitions. *Detroit Edison Co v East China Twp School District No 3,* 378 F2d 225 (CA 6, 1967). Even if it were, the classification based on population would be valid as having a rational basis. See *Tribbett v Village of Marcellus,* 294 Mich 607; 293 NW 872 (1940). The holdings of the lower court on this issue are reversed.

*Do the criteria set out in MCLA 123.1009; MSA 5.2242(9) [1968 PA 191] provide adequate guidance to the SBC?*

We find no support for the Ingham County Circuit Court's decision on this issue in the Brighton case. The act specifies numerous criteria to be considered by the SBC in deciding annexation questions. Compared to the criteria upheld by our Supreme Court in *Highway Commission v Vanderkloot,* 392 Mich 159; 220 NW2d 416 (1974), the criteria in this case are more than adequate and clearly are "as reasonably precise as the subject matter requires or permits". *Osius v St. Clair Shores,* 344 Mich 693, 698; 75 NW2d 25 (1956). The holding of the lower court on this issue is reversed.

*Were the constitutional defects in the boundary commission act and the home rule cities act cured by 1972 PA 362?*

By 1972 PA 362 the Legislature sought, but failed, to correct the constitutional defect in the home rule cities act as amended by 1970 PA 219. There was no republication of the HRCA as explicitly required by Const 1963, art 4, § 25. The defects in 1970 PA 219 were not cured. The holding of the lower court on this issue is affirmed.

The issues relating to the administrative procedures act, 1968 PA 261 and gerrymandering are

answered by *Midland Township v State Boundary Commission, supra.* We find no reason to differ with Judge HOLBROOK in his resolution of those issues.

The remaining issues are without merit.

Affirmed in part; reversed in part.