OSHTEMO TOWNSHIP v CITY OF KALAMAZOO

1. MUNICIPAL CORPORATIONS—ANNEXATION OF LAND—HOME RULE
   CITIES ACT—CITY-OWNED LAND—OPTIONS TO PURCHASE.

   A city is empowered by statute to annex by resolution of the city
   counsel vacant property which is adjacent to the city and which
   is owned by the city; the granting ·of an option to purchase
   vacant city-owned land does not create an estate in the land in
   the optionee and, therefore, does not affect the city's power to
   annex that land under the statute before the option is exercised
   (MCLA 117.9; MSA 5.2088).

2. VENDOR AND PURCHASER—CONTRACTS—OPTIONS TO PURCHASE—
   STRICT COMPLIANCE.

   An option is a preliminary contract for the privilege of purchase
   and not itself a contract of purchase; failure to strictly comply
   with the terms of an option results in loss of rights under the
   option.

3. VENDOR AND PURCHASER—OPTION TO PURCHASE—INTEREST IN
   LAND.

   The holder of an option to purchase land does not have any
   interest in the premises prior to exercising the option.

4. VENDOR AND PURCHASER—OFFER TO SELL—INTEREST IN LAND—PER-
   FORMANCE OF CONDITIONS.

   An offer to sell land at a fixed price within a specified period does
   not create any interest in that land; interest attaches only
   when the conditions of the offer are· performed.

5. STATUTES—INTERPRETATION—PLAIN MEANING—VACANT LAND—
   MUNICIPAL CORPORATIONS—ANNEXATIONS.

   A statute permitting a city to annex vacant property must· be
   · construed to mean any vacant property whether it be used for

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 66.
[2, 3] 77 Am Jur 2d, Vendor and Purchaser § 27.
[4] 77 Am Jur 2d, Vendor and Purchaser §§ 40, 42.
[5] 73 Am Jur 2d, Statutes § 204.

governmental or public purposes or for commercial or proprietary purposes; language used in a statute shall be given its ordinary meaning unless a different interpretation is indicated (MCLA 8.3a, 117.9; MSA 2.212[1], 5.2088).

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted June 8, 1977, at Grand Rapids. (Docket No. 29044.) Decided July 18, 1977. Leave to appeal denied, 402 Mich —.

Complaint by Oshtemo Township against the City of Kalamazoo seeking an order declaring null and void the annexation of certain lands in plaintiff township by the defendant city. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Bauckham, Reed, Lang & Schaefer,* for plaintiff.

*James F. Bishop,* City Attorney, and *Robert H. Cinabro,* Assistant City Attorney, for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and M. B. BREIGHNER,* JJ.

D. E. HOLBROOK, J. On November 12, 1975, a nonjury trial was held in the Kalamazoo County Circuit Court. Following presentation of briefs and stipulation of facts, the court issued an opinion dated May 7, 1976, in which it found that the defendant City of Kalamazoo was not the owner of the property in question at the time the city passed a resolution annexing the same. The court held that the outstanding option granted by defendant to James W. Kersten and Ben C. Morris, Jr. prevented the city from having sufficient ownership to annex the property pursuant to MCLA 117.9; MSA 5.2088. Defendant City of Kalamazoo appeals. This is a case of first impression.

* Circuit judge, sitting on the Court of Appeals by assignment.

The City of Kalamazoo acquired the subject property from James W. Kersten and Ben C. Morris, Jr. by way of warranty deed dated May 7, 1970, and recorded May 8, 1970.[1] Also, on May 8, 1970, the parties executed an option giving James W. Kersten and Ben C. Morris, Jr. the option to repurchase the property. The option was later extended until May of 1976. On January 6, 1975, the Kalamazoo City Commission voted to annex the land under option. A new resolution was passed by the city commission on February 17, 1975, correcting the legal description of the property contained in the January 6, 1975, resolution.[2] The optionees gave written notice of their intent to exercise the option by letter dated April 22, 1975. The parcel was then conveyed by the city back to James Kersten and Ben C. Morris, Jr. and their wives by warranty deed dated June 24, 1975, which was properly recorded on June 16, 1975. On February 3, 1975, the instant action had been commenced.

---

[1] Kersten and Morris had acquired the property apparently at the city's request in December of 1969 from Mr. and Mrs. Claude Watts. The sale agreement was consummated by a land contract dated February 26, 1970, and subsequently by a warranty deed in pursuance of said land contract dated May 7, 1970, and recorded on May 8, 1970.

[2] The description contained in the second resolution is as follows:

"Land and premises located in the Township of Oshtemo, Kalamazoo County, Michigan.

"Commencing at the Southeast corner of Section 24, Town 2 South, Range 12 West (Oshtemo Township), and running thence North along the East line of said Section 24 a distance of 369.18 feet to the place of beginning, said point being on the Northerly line of West Michigan Avenue (formerly U.S. Highway 12A). Running thence North from the place of beginning 388.70 feet along the East line of Section 24 to the Southerly line of the Penn Central (formerly New York Central) Railroad right-of-way; thence Northwesterly along the Southerly line of said Railroad Right-of-way 253.04 feet to a point 250 feet west of the East line of said Section 24; thence South parallel to the East line of said Section, 578.98 feet to the Northerly line of West Michigan Avenue; thence Northeasterly 292.05 feet along the Northerly line of West Michigan Avenue to the place of beginning."

The trial court in its opinion stated the issue involved in the case as being: "[C]an the City of Kalamazoo annex land situated in the Township of Oshtemo under Subparagraph 8 of MCLA 117.9; MSA 5.2088, under the circumstances existing in this case?" The statute referred to reads in part as follows:

"Where the territory proposed to be annexed to any city is adjacent to the city and consists of a park or vacant property located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to the city solely by resolution of the city council of the city * * * ."[3]

The trial court found that the city was not the owner of the property in question at the time it passed the resolution annexing the same. The basis for this ruling was that the land was subject to an outstanding option and thus during the term of the option the city was not at liberty to dispose of the land "according to the will of the owner". The trial court qualified its statement by stating that the city was not in a position to dispose of the property without liability.

The question before this Court is whether or not the trial court committed error when it determined that defendant was not the owner of the

[3] 1970 PA 219, MCLA 117.9; MSA 5.2088, has been held unconstitutional by two panels of this Court, as violating Const 1963, art 4, § 24. *Midland Township v State Boundary Commission,* 64 Mich App 700; 236 NW2d 551 (1975), *Township of Novi v State Boundary Commission,* 67 Mich App 596; 242 NW2d 449 (1976). In *Novi Township v State Boundary Commission,* 397 Mich 810 (1976), leave was granted and it was ordered that these cases be argued and submitted to the Court together. Nevertheless; this does not affect the instant appeal because the prior act comprising a 1947 amendment to 1909 PA 279 (1947 PA 36, 1947 PA 334), has identical language as that found in the present amended version. *Alan v Wayne County,* 388 Mich 210; 200 NW2d 628 (1972).

property because of the outstanding option on the land in question.

The option in question provided that the City of Kalamazoo agreed any time prior to May 8, 1971, to sell and convey an "unencumbered, marketable title to the land situated in the Township of Oshtemo, County of Kalamazoo, State of Michigan" to James W. Kersten and Ben C. Morris, Jr., when and if they chose to exercise said option. The option further provided that "[t]his option may be exercised by the purchaser only by accepting the same in writing". It further provided that "[f]ailure of the purchaser to exercise this option and consummate a sale within the time and in the manner herein provided shall extinguish the purchaser's right to said land and all payment made". The acceptance of the option, according to its terms, would be consummated by the delivery of a warranty deed by the City of Kalamazoo to the purchasers conveying an unencumbered marketable title to the land.

An option is a preliminary contract for the privilege of purchase and not itself a contract of purchase. *Greenwald v Veurink,* 37 Mich App 700, 702; 195 NW2d 305 (1972). An option is basically an agreement by which the owner of the property agrees with another that he shall have a right to buy the property at a fixed price within a specified time. An option is, in effect, only an offer which requires strict compliance with the terms of the option both as to the exact thing offered and within the time specified. Failure to so comply results in loss of the rights under the option. *Bailey v Grover,* 237 Mich 548; 213 NW 137 (1927), *Bergman v Dykhouse,* 316 Mich 315; 25 NW2d 210 (1946). See *Grasman v Jelsema,* 70 Mich App 745; 246 NW2d 322 (1976).

The holder of an option to purchase land does not have any interest in the premises prior to exercising the option. *Windiate v Leland,* 246 Mich 659; 225 NW 620 (1929). See *Hague v DeLong,* 292 Mich 262; 290 NW 403 (1940). An offer to sell land does not create any interest in that land. *Board of Control of Eastern Michigan University v Burgess,* 45 Mich App 183; 206 NW2d 256 (1973). The interest attaches only when the condition is performed. *Gustin v The Union School-District of Bay City,* 94 Mich 502; 54 NW 156 (1893).

In *Cameron v Shumway,* 149 Mich 634, 640–641; 113 NW 287 (1907), our Supreme Court quoted the following language from *Myers v J J Stone & Son,* 128 Iowa 10; 102 NW 507 (1905):

"Generally an option may be defined as a contract by which the owner agrees with another person that he shall have the privilege of buying his property at a fixed price within a limited time. * * * It is neither a sale of land nor an agreement to sell, but merely the disposal of a privilege of electing to buy at a fixed price within the time limited. The other party acquires no lands, nor interest in land, not even a chose in action, prior to his election, but he does obtain, what is often of much value, the privilege, at his election, to demand and receive the conveyances of land."

More recently the Court quoted from *Keogh v Peck,* 316 Ill 318; 147 NE 266; 38 ALR 1151 (1925), stating: " 'An option to purchase does not create an estate in land. No title, legal or equitable, is granted to the holder of the option by an option agreement.' " *Windiate v Leland, supra,* at 665.

We hold on the basis of the foregoing authority that the holder of an option does not have an "interest" as contemplated by the plaintiffs. No interest arises until the option has been accepted and there are no legal or equitable rights in the

property given to the optionee. This Court con-
cludes that the option did not give any interests in
the property, subsequently annexed, to the holders
of the option, and, therefore, did not take any of
the ownership rights of the City of Kalamazoo.
The trial court was in error in concluding that
defendant city was not the owner of the annexed
property as contemplated by the statute because of
the outstanding option which had not been exer-
cised as of the date of annexation. Defendant city
owned the property which was annexed within the
meaning of that term and in the context in which
it is used under the statute, MCLA 117.9; MSA
5.2088.

Finally, there is no merit to plaintiff's conten-
tion that the land annexed was not "vacant prop-
erty" within the scope of MCLA 117.9; MSA
5.2088.

The construction of the statute is controlled by
MCLA 8.3a; MSA 2.212(1), which provides that:
"All words and phrases shall be construed and
understood according to the common and approved
usage of the language." Language shall be given
its ordinary meaning unless a different interpreta-
tion is indicated. *People v Askar,* 8 Mich App 95,
99; 153 NW2d 888 (1967), *Goethal v Kent County
Supervisors,* 361 Mich 104; 104 NW2d 794 (1960).

Upon reviewing the statutory provision in ques-
tion, the Court finds no qualifying language as to
the type of vacant property required to come
within the purview of the statute. There is nothing
in the language of the statute that limits the
vacant property to property which is used for
governmental or public purposes. Without a differ-
ent interpretation indicated, vacant property must
be construed to mean any vacant property
whether it be used for governmental or public

purposes, or for commercial or proprietary purposes.

The parties stipulated to the fact that the property herein was vacant and no case has been found where the term "vacant property" is limited to governmental or public purposes. The property in the instant case must be considered vacant property within the purview of the statute.

Reversed. No costs, a public question being involved.