VILLAGE OF WOLVERINE LAKE v STATE BOUNDARY
COMMISSION

1. ADMINISTRATIVE LAW—MUNICIPAL CORPORATIONS—STATE BOUND-
    ARY COMMISSION—METROPOLITAN AREA—ADMINISTRATIVE PRO-
    CEDURES ACT—STATUTES.

    A policy of the State Boundary Commission disfavoring the
    creation or expansion of small cities within the metropolitan
    area of Wayne, Oakland and Macomb counties does not consti-
    tute the adoption by the commission of a rule which requires
    compliance with the Administrative Procedures Act because
    the policy has a basis in the commission's permissive statutory
    power (MCLA 24.207, 24.241, 24.242; MSA 3.560[107],
    3.560[141], 3.560[142]).

2. CONSTITUTIONAL LAW—STATUTES—ADMINISTRATIVE LAW—MUNICI-
    PAL CORPORATIONS—STATE BOUNDARY COMMISSION—LEGISLA-
    TIVE AUTHORITY.

    The statute which created the State Boundary Commission does
    not delegate legislative authority unconstitutionally to an ad-
    ministrative agency without sufficient guidance for the exercise
    of the discretion granted to the commission (MCLA 123.1001 *et
    seq.;* MSA 5.2242[1] *et seq.).*

3. APPEAL AND ERROR—CONSTITUTIONAL LAW—STATUTES—ADMINIS-
    TRATIVE LAW—STATE BOUNDARY COMMISSION—STANDARDS—
    BOUNDARY REVISIONS—STATUTORY CONSTRUCTION.

    The Court of Appeals in reviewing a claim that the act granting
    to the State Boundary Commission the authority to revise
    boundaries is unconstitutional for lack of standards to guide
    such decisions must read the act as a whole and in a manner
    consistent with validity, not invalidity, if possible (MCLA
    123.1008–123.1010; MSA 5.2242[8]–5.2242[10]).

Appeal from Oakland, Frederick C. Ziem, J.

Submitted June 6, 1977, at Lansing. (Docket Nos. 29604, 29605.) Decided October 11, 1977. Leave to appeal denied, 402 Mich 863.

Complaint in the circuit court by the Village of Wolverine Lake against the State Boundary Commission to have the action of the commission in denying its petition for incorporation and granting a petition of Commerce Township for incorporation overruled. Judgment for defendant. Plaintiff appeals. Affirmed.

*Brennan and Bibeau, P. C.,* for Village of Wolverine Lake.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Craig Atchinson,* Assistants Attorney General, for the State Boundary Commission.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

T. M. BURNS, J. The Village of Wolverine Lake appeals from the Oakland Circuit Court's affirmance of the State Boundary Commission's decision on two petitions for incorporation of a home rule city. Both Commerce Township and Wolverine Lake submitted petitions to the State Boundary Commission for the creation of cities from the present township and village. MCLA 123.1007; MSA 5.2242(7). After appropriate proceedings the State Boundary Commission granted Commerce Township's petition for incorporation as a new home rule city but adjusted the boundaries of the new City of Commerce to include all of the Village

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

of Wolverine Lake.[1] Wolverine Lake's petition for incorporation was denied.

## I

Wolverine Lake first contends that the State Boundary Commission has adopted a "rule" within the meaning of the Administrative Procedures Act of 1969, MCLA 24.207; MSA 3.560(107), disfavoring the creation or expansion of small cities within the metropolitan area of Wayne, Oakland and Macomb counties without complying with the procedures mandated by the APA.[2] MCLA 24.241, 24.242; MSA 3.560(141), 3.560(142).

The definition of a rule and exclusions from that definition, one of which is applicable here, are contained in § 7 of the APA,

" 'Rule' means an agency regulation, statement, standard, policy, ruling or instruction of general applicability, which implements or applies law enforced or administered by the agency, or which prescribes the orga-

[1] Commerce Township's petition to the State Boundary Commission did not ask for the boundary adjustment to be made and left unaffected those areas already existing in the Village of Wolverine Lake, the City of Walled Lake, and the City of Wixom.

The Wolverine Lake petition sought incorporation of a new city with a proposed boundary adjustment to include portions of Commerce Township.

[2] The basis of Wolverine Lake's claim is found in the summary of proceedings, findings of fact and order of the Commission. In the Commerce Township petition order the Commission stated, "28. The Commission finds that it denied the proposed incorporation of the Village of Wolverine Lake on the grounds that it was an integral part of Commerce Township, that it did not favor the proliferation of more and more small communities several square miles in size within the Greater Detroit Metropolitan Area, and that it would not only be harmful to its residents but would be detrimental to the development of the larger community of which it is a part." In the Wolverine Lake order the Commission stated, "29. The Commission finds that it has not favored the proliferation of more and more small communities several square miles in size within the Greater Detroit Metropolitan Area."

nization, procedure or practice of the agency, including the amendment, suspension or recission thereof, but does not include the following:

\* \* \*

"(j) a decision by an agency to exercise or not to exercise a permissive statutory power, although private rights or interests are affected thereby." MCLA 24.207; MSA 3.560(107).

If the disfavor of the SBC for small communities within the larger metropolitan area follows from the statutory authority, then it is the exercise of a permissive statutory power and is not a rule requiring formal adoption under the APA. The criteria set forth in MCLA 123.1009; MSA 5.2242(9) implicitly require the SBC to look with favor on a larger community. The criteria include "past and probable future urban growth", "probable future needs for services", "practicability of supplying such services", "the probable effect \* \* \* on the cost and adequacy of services in the area to be incorporated and on the remaining portion of the unit from which the area will be detached", and "the financial ability of the incorporating municipality to maintain urban type services in the area".

With the emphasis on future growth and ability to provide services, it is inevitable that the Boundary Commission will favor a municipality with open space and a large tax base relative to population. Since two of the factors are "assessed valuation" and ability "to maintain urban type services" a small community made up principally of residential land use cannot compare favorably with a larger community that has an industrial tax base. This bias against small communities rises as much from the statute as it does from the Boundary Commission "policy", but this legislative

choice is a political one and not subject to judicial review.

Having its basis in the "permissive statutory power", the actions of the SBC do not constitute the adoption of a rule which requires compliance with the APA.

## II

Wolverine Lake also contends that MCLA 123.1001 *et seq.;* MSA 5.2242(1) *et seq.* which created the State Boundary Commission is unconstitutional because it delegates legislative authority to an administrative agency without sufficient guidance for the exercise of the discretion granted.

This Court has rejected the argument in *Midland Twp v State Boundary Commission,* 64 Mich App 700; 236 NW2d 551 (1975), *leave granted,* 397 Mich 810 (1976), and *Novi Twp v State Boundary Commission,* 67 Mich App 596; 242 NW2d 449 (1976), *leave granted,* 397 Mich 810 (1976). Both cases are presently before the Supreme Court. Until that Court decides the issue, the challenge made here will not be well taken.

## III

Apart from the constitutionality of the authority of the State Boundary Commission to act on petitions generally, Wolverine Lake claims that the authority to revise boundaries, granted to the Commission in MCLA 123.1010; MSA 5.2242(10), is unconstitutional for lack of standards to guide the decision. Before this position could be accepted it would be necessary to construe the act so that the criteria of § 9, MCLA 123.1009; MSA 5.2242(9), do not guide the Commission's decision to revise boundaries.

In reviewing this claim the Court must read the

act as a whole and in a manner consistent with validity, not invalidity, if possible.[3] *Department of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976).

Examining the act as a whole, principally §§ 8 through 10, MCLA 123.1008–123.1010; MSA 5.2242(8)–5.2242(10), a certain ambiguity appears. By § 8(1) the Commission is ordered to review petitions for proposed incorporation in light of the criteria of § 9. By contrast, § 10(1) allows the Commission to "deny the proposed incorporation, approve the petition or revise the boundaries of the area proposed for incorporation and approve the proposal as revised" without making a specific reference to the criteria of § 9.

The act may be construed as valid if the criteria of § 9 governed not only the "review" function of § 8(1) but also the decisional function of § 10(1). It would be sheer folly to read the legislation as requiring the Commission to review the petition in light of specific legislative standards but leave the decision after this controlled review to the whim and caprice of the Commission. This is not what the Legislature intended. The criteria of § 9 governed the Commission's decision under § 10(1). The Commission applied these standards in this case.

## IV

Wolverine Lake's last contention is that the Commission's action on these petitions is not supported by competent, material and substantial evidence on the whole record.[4]

---

[3] *Seaman* also requires that the legislative standards to guide administrative action must be as precise as possible. Wolverine Lake contends there are no standards. If § 9 applies, it supplies sufficient standards.

[4] This is the standard of review for both the circuit court and this Court. Const 1963, art 6, § 28; MCLA 24.306(1)(d); MSA 3.560(206)(1)(d).

After examining the whole record, both the evidence in support of the Commission's ruling and that against it, *Michigan Employment Relations Commission v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974), it cannot be said that the Commission's conclusions are unsupported. The testimony of witnesses plus the documentary proof shows that Wolverine Lake cannot remain a viable community, supplying its citizens with the level of services required, unless an additional tax base is acquired. This acquisition can only come with a corresponding detriment to the larger community of which it is a part. The Commission's decision to create this larger community is supported by the record.

Affirmed. Public question, no costs.