CHASE v STATE BOUNDARY COMMISSION

Docket No. 43874. Submitted April 3, 1980, at Lansing.—Decided January 23, 1981. Leave to appeal applied for.

In 1971, the City of Novi filed an annexation petition with the Michigan State Boundary Commission seeking annexation of seven noncontiguous parcels of land comprising a substantial part of Novi Township. Since the total combined population of these seven parcels was less than 100, there was no statutory right to petition for a referendum with respect to the proposed annexation. An eighth parcel of land, the Brookland Farms Subdivision, which constituted the remainder of Novi Township, contained more than 100 people. Novi Township requested that the Boundary Commission expand the annexation petition so as to include this eighth parcel. The Boundary Commission approved the city's annexation petition as originally submitted, holding that the commission did not have the authority to revise the petition to include the Brookland Farms Subdivision. The Township of Novi petitioned the Ingham Circuit Court for review of the commission's decision. The circuit court declared as unconstitutional the legislation conferring annexation jurisdiction on the State Boundary Commission and entered judgment in favor of the township. On leave granted, the Court of Appeals affirmed the circuit court. *Novi Twp v State Boundary Comm,* 67 Mich App 596; 242 NW2d 449 (1976). On appeal to the Supreme Court, the circuit court and the Court of Appeals were found to be in error on the constitutional question; however, the Supreme Court determined that the commission was in error in its determination that it did not have authority to amend the annexation petition so as to include the eighth parcel. The Supreme Court reversed and remanded the matter to the Boundary Commission. *Sub nom Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977).

During the pendency of the proceeding in the circuit court, a

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur 2d, Boundaries § 94.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 70, 79.

[2, 3] 2 Am Jur 2d, Administrative Law §§ 546, 549.

separate petition for an annexation referendum with respect to the Brookland Farms parcel was approved by the Boundary Commission, and, upon a vote of the electorate in that parcel, the petition for annexation was defeated.

On remand, the Boundary Commission held four hearings relative to the inclusion of the Brookland Farms parcel in the original annexation petition. The findings of fact by the commission note only that a motion to include that parcel died for lack of a second. The commission again approved the annexation of the other seven parcels. W. B. Chase and Chase Manor Farms, Inc. filed a petition for review in Ingham Circuit Court, naming the State Boundary Commission as defendant. The City of Novi was permitted to intervene as a defendant. The City of Novi moved for accelerated and summary judgment. The complaint was amended to include the Township of Novi and Leo M. Kalota as plaintiffs. Jack W. Warren, J., held that the prior detailed findings of fact by the Boundary Commission regarding the question of the inclusion of the Brookland Farms parcel did not have to be supplemented on remand and that, since the Supreme Court had determined that the commission's prior decision to permit annexation of the seven parcels was reasonable, summary judgment in favor of defendants should be entered. Plaintiffs appeal. *Held:*

1. The criteria contained in the act creating the State Boundary Commission must be utilized by that commission in its review of all valid annexation petitions. The utilization of that criteria is not limited to only those petitions which the commission eventually approves.

2. The trial court construed too narrowly both the Supreme Court's order of remand and the nature and effect of the statutory criteria. The Supreme Court's order of remand required that the Boundary Commission consider the question of the inclusion of the eighth parcel in the petition for the annexation of the other seven parcels. The statute requires that the Boundary Commission utilize the statutory criteria. Under these circumstances, and in light of the fact that the Boundary Commission had approved the annexation election for the eighth parcel under a separate petition but denied its inclusion in the petition for the seven other parcels, the Boundary Commission was in error in relying on its prior findings of fact and conclusions of law. In the absence of new detailed findings of fact and conclusions of law specifically addressing the question of the inclusion of the eighth parcel, the commission's decision was arbitrary, capricious and in violation of law within

the meaning of the review provisions of the Administrative Procedures Act.

3. The Supreme Court's order of remand required not only that the commission make a decision on the question of the inclusion of the eighth parcel but also that that decision be a meaningful one.

Remanded for further proceedings.

1. BOUNDARIES — ANNEXATION — STATE BOUNDARY COMMISSION — STATUTORY GUIDANCE CRITERIA — STATUTES.

The statutory criteria contained in the state boundary commission act must be considered by the State Boundary Commission in its review of all valid petitions for annexation; consideration of such criteria is not limited to petitions which are approved (MCL 123.1008[1], 123.1009; MSA 5.2242[8][1], 5.2242[9]).

2. BOUNDARIES — ANNEXATION — STATE BOUNDARY COMMISSION — FINDINGS OF FACT — DUTY AFTER REMAND.

The State Boundary Commission must make new findings of fact and conclusions of law where a matter has been remanded to the Boundary Commission for consideration whether an additional parcel of land should be included in an annexation petition; the Boundary Commission may not rely merely on its prior separate findings of fact and conclusions of law made with respect to separate petitions for annexation of the lands involved, since there are different considerations involved when considering whether there should be a combining of parcels into a single annexation petition.

3. BOUNDARIES — ANNEXATION — STATE BOUNDARY COMMISSION — ADMINISTRATIVE PROCEDURES ACT.

A decision by the State Boundary Commission on the question of whether an additional parcel of land should be included in an annexation petition is arbitrary, capricious and in violation of law within the meaning of the Administrative Procedures Act where the Boundary Commission fails to consider the statutory criteria set forth in the state boundary commission act (MCL 24.306, 123.1009; MSA 3.560[206], 5.2242[9]).

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Christopher J. Dembowski,* Assistants

Attorney General, for defendant State Boundary Commission.

*Lambert, Fried & Levitt, P.C.,* for defendant City of Novi.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiffs petitioned the Ingham County Circuit Court for review of an annexation decision by the Michigan State Boundary Commission in which the commission refused to amend the original petition to include the Brookland Farms Subdivision. The defendants moved for summary judgment, which was granted on February 5, 1979. Plaintiffs appeal as of right.

On April 23, 1971, the Novi City Council filed an annexation petition with the Michigan State Boundary Commission seeking the annexation of seven noncontiguous parcels of land comprising a substantial part of Novi Township. Since the total population of the combined parcels numbered less than 100, there was no statutory right to petition for a referendum with respect to the proposed annexation.

An eighth parcel of land, the Brookland Farms Subdivision, which contained more than 100 people and constituted the remainder of Novi Township, was not included in this petition. Novi Township subsequently requested the Boundary Commission to expand the petition to include this eighth parcel of land pursuant to MCL 123.1010; MSA 5.2242(10), which authorizes the commission to revise the boundaries of the area proposed for annexation.

* Circuit judge, sitting on the Court of Appeals by assignment.

The original petition by the City of Novi was deemed legally sufficient and a public hearing, Docket No. 71-AR-9, was held on October 20, 1971. Testimony was taken and documents were presented, the bulk of which pertained to the seven parcels of land. The request to include the eighth parcel of land was addressed at the meeting, but the commission indicated that there were serious legal questions with respect to its authority to revise the proposed boundaries to include Brookland Farms, since the subdivision was not contiguous with any other parcels proposed for annexation.

An adjudicative (nonpublic) meeting was held on January 26, 1972, at which discussion centered on the petition for the seven parcels of land. At the conclusion of the meeting, the commission voiced its approval of the petition and ruled that it did not have the authority to revise the petition to include the Brookland Farms Subdivision. On May 25, 1972, the commission issued a document to that effect entitled "Findings of Fact and Order". The annexation was ordered to be effective on May 31, 1972.

After the original petition had been filed, the City of Novi also filed a separate petition for the annexation of the Brookland Farms Subdivision. After public hearings, this petition was also approved by the commission. Because residents in Brookland Farms numbered more than 100 and a referendum was required, a referendum was held on May 7, 1973. The proposed annexation was defeated by a vote of 74 to 4.

On June 26, 1972, the Township of Novi petitioned the Ingham County Circuit Court to review the commission's decision of May 25, 1972, approving the original annexation petition. Both the

circuit court and the Court of Appeals incorrectly found an amendment to the state boundary commission act unconstitutional as a violation of 1963 Const, art 4, §§ 24, 25. On appeal of this case *sub nom Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977), the Supreme Court rejected all constitutional objections to the statute and affirmed the commission's decision to allow the annexation of the seven parcels of land in Novi Township. The Supreme Court also held that the Boundary Commission did possess the authority under § 10 of the act to revise the proposed boundaries so as to include noncontiguous parcels, such as the Brookland Farms Subdivision. Since the Supreme Court had "no way of knowing whether the commission would have included the subdivision if it was aware that it had the authority to do so", the Novi petition was remanded for reconsideration. 401 Mich 677.

On remand, the Boundary Commission held four adjudicative meetings on November 22, 1977, January 25, 1978, April 19, 1978, and August 2, 1978, concerning the amendment of the City of Novi's petition to include Brookland Farms. These meetings were not noticed public hearings, but anyone present was permitted to address the commissioners.

On January 25, 1978, counsel for both the Township of Novi and the City of Novi presented arguments, but no other witnesses testified. Mr. John H. Bauckham, the township's attorney, argued in favor of including Brookland Farms. Bauckham stated that the seven parcels consisted of 72% of the township's total valuation of real property as compared with Brookland Farms' 28%. The seven parcels also accounted for 91% of the total acreage of the township. He contended that all criteria

supporting the annexation of the other seven tracts—the need for urban services, the absence of topographical problems, and the extension into the proposed areas as a natural boundary for the City of Novi—applied equally well to the Brookland Farms Subdivision.

In response, David Fried, the city's attorney, argued that Brookland Farms should not be included. Fried admitted that Brookland Farms was not a viable community on its own, and that it must depend on the City of Novi for many of its services, including the fire department. However, historically the Brookland Farms Subdivision had never belonged to the Village of Novi and had refused the choice of annexation in a vote in 1973. Bauckham countered this assertion by pointing out that the electorate had changed substantially from 1973, due to the 1,200 members of a mobile-home park located in one of the other seven parcels of township land. The remainder of the meeting was devoted to discussion of road construction and tax problems of Chateau Estates, the new mobile-home park.

Prior to the next meeting, both parties submitted written position papers and replies thereto concerning the issue in question and whether the public hearings were necessary due to the changes of circumstances since 1971. The city argued that the increased urbanization and resulting increase in the need for municipal services, such as police and fire protection, necessitated that the seven tracts of Novi Township be annexed to the city. However, the city also stated that Brookland Farms should not be included because such inclusion would result in a referendum for the entire township, which would ultimately defeat the petitioned annexation and continue the fragmented,

parasitic Township of Novi. The township reiterated its contention that the revision of the petition to include Brookland Farms must be decided on the basis of statutory criteria, all of which pointed toward its inclusion. The township argued that to approve the petition without revision would result in the disenfranchisement of an electorate that had been significantly altered since the original 1973 referendum.

At the adjudicative meeting on April 19, 1978, the commission refused to admit any new evidence. The attorneys for both parties then reiterated their basic positions. A representative for the mobile-home park stated that the residents did not prefer annexation.

On August 2, 1978, the Boundary Commission issued an order in which it refused to revise the petition so as to include Brookland Farms. The following findings of fact were made:

"Finding #1: The Commission finds that, after review of the entire record of this petition at their adjudicative meeting of April 19, 1978, a motion was made by Commissioner Rozian, 'I move that we adjust the boundaries of 71-AR-9 to include Brookland Farms Subdivision', and the motion died for lack of support.

"Finding #2: The Commission finds that on August 2, 1978, a meeting was held between State Boundary Commissioners Calhoun and Rozian, and Oakland County Boundary Commissioners Seeterlin and Lahti and, after reviewing the draft Findings, these Findings of Fact and Order were unanimously approved."

The annexation of the seven parcels of land in Novi Township was ordered to take effect on October 1, 1978.

On September 13, 1978, plaintiffs W. B. Chase and Chase Manor Farms, Inc., petitioned the Ing-

ham County Circuit Court to review the decision of the Boundary Commission. Plaintiffs alleged that the decision was arbitrary, capricious and unreasonable since it was not based on any of the statutory criteria, as enumerated in MCL 123.1009; MSA 5.2242(9). Plaintiffs claimed that the decision was also deficient since it was not supported by the record before it. Plaintiffs contended that the decision was based on the commission's desire to eliminate the electors' right of referendum. Plaintiffs also sought to enjoin the enforcement of the commission's August 2, 1978 order.

On September 13, 1978, the Ingham County Circuit Court issued a temporary restraining order enjoining the effect of the Boundary Commission's decision.

On October 16, 1978, the City of Novi was permitted to intervene as a defendant. Four days later, the City of Novi moved for accelerated judgment and summary judgment pursuant to GCR 1963, 117.2(1). The city claimed that the Boundary Commission had fully complied with the Supreme Court's remand order by exercising its discretion when it refused to revise the annexation petition. The intervening defendant contended that the claim was barred by the prior judgment of the case in *Midland Twp v State Boundary Comm, supra.* The City of Novi also claimed that the plaintiffs did not have standing to bring the lawsuit. On October 27, 1978, plaintiffs amended their petition for review pursuant to GCR 1963, 118, by the addition of two parties plaintiff, namely, the Township of Novi and Leo M. Kalota, a property owner in the Brookland Farms Subdivision. Neither the Boundary Commission nor the City of Novi consented to the amendment, and the motions for

accelerated and/or summary judgment were renewed to include the added plaintiffs.

After a hearing on November 20, 1978, the trial court rendered its opinion granting summary judgment in favor of the defendants on February 5, 1979. The court determined that the commission had complied with the Supreme Court remand order that it exercise its discretion. The court determined that the previously made detailed findings of fact regarding the annexation of Brookland Farms did not need to be supplemented on remand. Since the Supreme Court had already determined that the commission's decision to annex the seven parcels was reasonable, the August 5, 1978, order to this effect was not reviewable and summary judgment for the defendants was deemed proper. The lower court did not address the issue of standing.

Thereafter, the defendants submitted a proposed judgment to the plaintiffs, who objected to it on the basis that the judgment was made effective *nunc pro tunc* as of December 31, 1978. Following a hearing, the court ordered that the commission's decision annexing the parcels of Novi Township land was effective as of December 31, 1978, the date on which taxes for the following year are determined.

The threshold issue is whether the commission complied with the remand order of the Supreme Court. The trial court held that the order merely required the commission to decide whether the original petition should have been amended to add the eighth parcel (Brookland Farms Subdivision), with which the commission complied. We believe that the trial court too narrowly construed the remand order as well as the mandatory provisions of the state boundary commission act, MCL 123.1001 *et seq.;* MSA 5.2242(1) *et seq.*

MCL 123.1008(1); MSA 5.2242(8)(1) provides:

"The commissioner shall review proposed incorporations considering the criteria established by section 9."

Therefore, consideration of the statutory criteria of § 9 is critical in reviewing *all* valid petitions for annexation, not only those that are eventually approved. *Village of Wolverine Lake v State Boundary Comm,* 79 Mich App 56, 61; 261 NW2d 206 (1977).

The trial court's holding appears to find that the mandate of the statute may be ignored in this special case where the commission considered and approved of the annexation of parcel eight in a separate petition, which was then defeated by a referendum vote in 1973. We disagree. The amendment of the original seven-parcel annexation petition to include the eighth parcel is not the same as a separate petition for annexation of only parcel eight. Furthermore, the commission's disposition of this petition is different from that in the separate parcel eight petition, so that the original findings of fact and conclusions of law could not have been relied upon in denying plaintiffs' petition.

Final decisions of the Boundary Commission are judicially reviewable under the provisions of the Administrative Procedures Act of 1969, 1969 PA 306; MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* as incorporated by reference in the state boundary commission act, MCL 123.1018; MSA 5.2242(18). The courts are instructed by statute as follows:

"Sec. 106. (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have

been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings." MCL 24.306; MSA 3.560(206).

We hold that the trial court erred in denying plaintiffs' petition for review on the grounds the defendant was required only to make a decision, which it did. The decision must also have been a meaningful one, in compliance with the substantive and procedural requirements of the statute. *Midland Twp, supra,* 672-673. By not examining the evidence in light of the statutory criteria of § 9, the commission's decision was arbitrary, capricious and clearly in violation of law.

The matter is remanded to the commission for further proceedings consistent with this opinion.