# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHARLES MATTER and
LISA MATTER,

      Plaintiffs-Appellants,

v

GEORGE VERSTRAETE and
DEUTSCHE BANK NATIONAL TRUST
COMPANY as trustee for HARBORVIEW
MORTGAGE LOAN TRUST 2005-07,

      Defendants-Appellees.

UNPUBLISHED
December 3, 2015

No. 322514
Oakland Circuit Court
LC No. 2013-136561-CZ

---

Before: GLEICHER, P.J., and SAWYER and MURPHY, JJ.

PER CURIAM.

Plaintiffs appeal as of right from the trial court's order granting summary disposition to defendants under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

Plaintiffs entered into a lease agreement that commenced on September 5, 2009, and continued until October 31, 2015. The property in question was subject to a mortgage in favor of defendant Deutsche Bank National Trust Company. In December 2009, defendant Deutsche Bank initiated foreclosure proceedings on the property. The lease was amended on August 5, 2011, providing for an "original term," as specified above, along with an "extended term," whereby the lease becomes a month-to-month tenancy, and during which plaintiffs are granted a right of first refusal to purchase the property.

At issue are paragraphs 17 and 18 of the amended lease. They read in their entirety as follows:

17. **OPTION TO PURCHASE HOME:** RESIDENT initially is only a Lessee/ renter of the demised premises which is managed by the OWNER/Lessor. As such, RESIDENT's monthly payments are lease payments. However, under the Option to Purchase terms of this Agreement, the RESIDENT has an Option to Purchase at Fair Market Value the demised premises so long as the RESIDENT is

-1-

occupying as primary residence during the lease term period. OWNER agrees to give rental credit of $8,000 toward purchase and pay closing costs. No Obligation to Purchase the Home. A Lessee is under no obligation to purchase the Home and has the right to continue under the terms of this Agreement as lessee/renter. However, if the Lessee fails to exercise his or her option within lease term, the Option to Purchase shall lapse. No OWNER Responsibility After Purchase. Upon conveyance of title for the demised premises to the RESIDENT, the OWNER shall have no further responsibility for the Home including, but not limited to, insuring the Home, maintaining, rehabilitation, or repairing the Home. Upon sale, the Lessee shall become solely responsible for the Home.

18. **RIGHT OF FIRST REFUSAL:** OWNER has option to market and sell at end of lease term, and agrees to grant RESIDENT a right of first refusal to purchase the demised premises at same Fair Market Value. RESIDENT hereby accepts the right of first refusal with option, and both parties agree to negotiate in good faith. In the event the OWNER shall at any time during the extended (but not the original) term hereof sell the demised premises pursuant to any bona fide offer which it shall have received, the OWNER shall present offer to RESIDENT at the same price as that contained in such bona fide offer. RESIDENT shall have 20 business days from and after receipt thereof to decide whether or not to purchase the demised premises at such price. If RESIDENT shall give notice of intent not to purchase or shall give no notice within the time herein limited, OWNER may accept such offer and proceed with sale thereunder. If RESIDENT notifies OWNER that it elects to purchase the demised premises at such price, or if RESIDENT during the initial term exercises its purchase option, the parties shall enter into a contract of purchase and sale forthwith.

Defendant Deutsche Bank purchased the property at a sheriff's sale held on October 4, 2011. On June 13, 2012, plaintiffs and defendant Deutsche Bank entered into a consent judgment, which held that defendant Deutsche Bank had to honor the original terms of the lease between plaintiffs and the original owners. On May 22, 2013, defendant Deutsche Bank sold the property to defendant George Verstraete. According to plaintiffs, they sent defendant Deutsche Bank a letter on July 31, 2013, acknowledging the sale to defendant Verstraete, yet still wishing to exercise their option to purchase the property. Defendant Verstraete then initiated proceedings to evict plaintiffs from the property, but the trial court held that he was not a bona fide purchaser because he had notice of plaintiffs' lease with the prior owner, and was therefore bound by the terms of the lease.

Plaintiffs then filed suit, alleging that defendant Deutsche Bank breached the lease when it "failed to provide the Plaintiffs[] notice of any purchase offer to allow Plaintiffs to exercise their Right of First Refusal." Plaintiffs' complaint against defendants alleged counts for (1) breach of contract as to Deutsche Bank, (2) declaratory relief as to the lease's right of first refusal provision, (3) specific performance, (4) quiet title, (5) and fraud or misrepresentation as to Deutsche Bank. Plaintiffs also sought a preliminary injunction to "prevent [defendant Deutsche Bank] from obtaining possession of the Property and evicting Plaintiffs until this present matter is resolved."

-2-

Defendant Deutsche Bank filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10), arguing that plaintiffs were attempting to enforce a right of first refusal that had not yet become effective, that plaintiffs had not alleged or proven damages, and that any claims for injunctive relief were merely remedies and not separate causes of action. Plaintiffs then filed a motion to amend their complaint to allege that the sale of the house to defendant Verstraete also violated the option to purchase provision of the contract. The motion to amend was denied. Defendant Verstraete then filed a motion for summary disposition under MCR 2.116(C)(8) and (10), arguing that the claims pertaining to him were based on the flawed premise that the sale of the property by defendant Deutsche Bank to him violated the right of first refusal in the lease.

The trial court granted summary disposition under MCR 2.116(C)(10) in favor of both defendants. The court concluded that there was nothing in the express terms of the lease preventing the bank from selling the property during the original lease term. The court further concluded that the claims against defendant Verstraete were based on the flawed premise that the sale of the property to him by defendant Deutsche Bank violated the right of first refusal.

## II. ANALYSIS

A trial court's decision on a motion for summary disposition is reviewed de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). When reviewing a motion for summary disposition, a court must review the evidence in the light most favorable to the nonmoving party. *In re Smith Trust*, 480 Mich 19, 23-24; 745 NW2d 754 (2008). The court may only review evidence that was presented to the trial court before the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 324; 675 NW2d 271 (2003). "Because a motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, the circuit court must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012).

The first step in contract analysis is to determine the intention of the parties. *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). "[A]n unambiguous contractual provision is reflective of the parties' intent as a matter of law" and must be enforced as written. *Id.* "In interpreting a contract, courts must give the words their plain and ordinary meanings," and they may not "impose an ambiguity on clear contract language." *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007). Ambiguity exists when two or more provisions " 'irreconcilably conflict with each other,' " or when a term may have several meanings in the context of the contract. *Id.*, quoting *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003). In analyzing the written terms of the contract, the Court must give effect to every word and provision, and "avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp*, 468 Mich at 468.

A right of first refusal does not entitle the lessee to ownership of the property, nor does it create an interest in the land. *Randolph v Reisig*, 272 Mich App 331, 339; 727 NW2d 388 (2006). Such provisions, while valid under Michigan law, are to be construed narrowly. *LaRose Mkt, Inc v Sylvan Ctr, Inc*, 209 Mich App 201, 205; 530 NW2d 505 (1995).

Option to purchase provisions, while bestowing upon the lessee more rights, still do not provide blanket entitlement to ownership. *Randolph*, 272 Mich App at 339. "The promisee in an option contract holds the power to purchase the property . . . *during the specified period*. But the option contract does not create an interest in land." *Id*. (emphasis added). An option to purchase provision is "neither a sale of land nor an agreement to sell," but rather a privilege of electing to buy the property according to the terms therein. *Oshtemo Twp v City of Kalamazoo*, 77 Mich App 33, 38; 257 NW2d 260 (1977). A party wishing to enforce an option contract must show that they have complied with its terms, and actually attempted to purchase the property. *Id.*

Paragraph 17 of the lease only grants plaintiffs an option to purchase the "residence during the lease term period," i.e., the original lease period from September 5, 2009 to October 31, 2015. It does not restrict the owner's right to sell the property. Nor did it give plaintiffs an interest in the land under which they could deny the sale of the property to others. *Randolph*, 272 Mich App at 339. Moreover, the lease provides that it "if the Lessee fails to exercise his or her option within lease term, the Option to Purchase shall lapse." Plaintiffs allegedly only attempted to exercise the option to purchase months after the property was sold to defendant Verstraete. And the right of first refusal set forth in paragraph 18 clearly states that this right only exists "during the extended (but not the original) term," which at all times relevant was not yet in effect. Indeed, by specifying that the right does not arise during the original term of the lease, the contract clearly evidences an intent that no such right exists or should be implied.

Plaintiffs further argue that where the lease states, "OWNER has option to market and sell *at end of lease term*," it indicates that owners may not market or sell the property before the end of the original lease term, October 31, 2015. (Emphasis added.) Again, there is no language prohibiting the owner from selling the property prior to this time. And given that the cited language is set forth in the provision addressing the right of first refusal (paragraph 18), it is simply recognizing that the right to sell exists, but that it is limited by the right of first refusal in "extended (but not the original) term."

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ William B. Murphy

-4-